### NED JACKSON v. THE STATE.

1. CRIMINAL LAW. *Practice. Objections to venire.*
   It is too late, after conviction, for the defendant in a capital case to object that only a few of the special *venire* were summoned or attended the court.

2. SAME. *Indictment. Indorsements thereon.*
   The indorsements required by law to be made on an indictment may be made by a person who is neither the clerk of the court nor a deputy, if under the directions and in the presence of the clerk.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

The plaintiff in error was indicted for murder. The indorsements on the indictment were not made by the clerk of the court nor a deputy, but by a person acting under the direc-

tions and in the presence of the clerk. A special *venire* was issued, but only six of those named in the writ were summoned, and only a few of them appeared at the trial. On the trial the accused offered to prove that, "some two weeks before the difficulty," the deceased, in his presence, had threatened to kill him. The court refused to admit such evidence. Exceptions were taken to the giving of one instruction for the state, and the modification of one given for the defendant, on the ground that the former, as presented, and the latter, after being modified, were not supported by evidence. But, as they involve no question of law, they are not set forth here. The accused was found guilty.

*R. N. Miller* and *D. W. McRae*, for the plaintiff in error.

1. It is the right of the defendant in a capital case to have a special *venire*. The record shows that such right was not respected in this case.

2. The threats made by the deceased against the life of the accused were commenced two weeks before the killing, and seem to have been continuous. Proof of them should have been admitted in evidence. *Holla* v. *The State*, 37 Ind. 57; *Fields* v. *The State*, 47 Ala. 603; *Bohannan* v. *The Commonwealth*, 8 Bush, 481.

3. The record should show that the indictment upon which the accused is tried is the one found by the grand jury. Both the indictment and the minutes constitute the record. In order that an indictment may be identified, the statute requires that the signing of indorsements, or entries thereon, shall be by the clerk, or a legally-appointed deputy. The record alone must establish the identity of the indictment. Code 1871, sec. 2794; *Cachute* v. *The State*, 50 Miss. 171; Code 1871, sec. 551; *Pond* v. *The State*, 47 Miss. 41; *Cornwell* v. *The State*, 53 Miss. 386.

*T. C. Catchings*, Attorney-General, for the State.

1. The court properly refused to admit evidence of the threats, because they were not shown to have been communicated, and because, if they had been, they would have been

totally irrelevant, in view of the facts attending the killing, and would have furnished no excuse or justification. *Holly* v. *The State, ante,* 424.

2. If the objection in regard to the special *venire* had been made at the proper time, the court, in the exercise of a sound discretion, would have sustained it. *Logan* v. *The State,* 53 Miss. 434. But where such objection is not made till after trial and conviction, it should not be entertained at all. *Logan* v. *The State, supra; Head's Case,* 44 Miss. 731.

3. The instructions are so clearly correct as to need no comment.

4. The entries and indorsements as to the returning and filing the indictment were made under the directions of the clerk, and in his presence. It was proper for the court to amend such entries and indorsements, by having them put in the handwriting of the clerk. *Cornwell* v. *The State,* 53 Miss. 385.

CAMPBELL, J., delivered the opinion of the court.

No objection was made in the Circuit Court to proceeding with the trial, because a small number of those for whom the special *venire* was issued had been summoned, and no notice can be taken of it here.

There is no error in the rulings of the Circuit Court upon the evidence offered, nor in the instructions, nor in overruling the motion for a new trial.

The fact that the entries required by law to be made on an indictment were not made by the hand of the clerk, but by another, in his presence and by his direction, made no difference. *Gamble* v. *Trahen,* 3 How. 32.

Judgment affirmed.