## R. E. WIMBERLY *v.* M. M. BOLAND ET AL.

1. DE FACTO OFFICER. *Deputy. Minority. Issuance of writ.*

    Where the son of a circuit clerk, though ineligible to appointment as deputy because of minority, acts as his father's deputy, and is generally recognized by the public as such, he is a *de facto* officer, and a writ of attachment issued by him as such deputy is not void.

2. WRIT. *Issuance by deputy. Signature. Amendment. Code* 1892, § 3439.

    Where a deputy clerk issues an attachment writ in the name of the clerk, without affixing his name as deputy, the writ is not void. At most, this is only an irregularity, and amendable. Code 1892, § 3439; *Spratley* v. *Kitchens*, 55 Miss., 578.

FROM the chancery court of Calhoun county.

HON. B. T. KIMBROUGH, Chancellor.

W. R. Creekmore was the circuit clerk of Calhoun county, and kept his son, Hiram, fourteen years of age, in the office as his assistant. He acted as deputy circuit clerk, and, as his father testifies, had full authority to attend to any business connected with the office. The son, in fact, attended to much of the business, and, when the father was absent, attended to all of it, and he was recognized by the public as a deputy. It was not shown, however, that he assumed to be a legally constituted deputy, and he did not sign his name to any papers as deputy clerk, but he always signed his father's name, having the verbal authority from his father to do so.

Appellant, Wimberly, claiming to be the owner of certain personal property, filed this bill to enjoin a sale of the same under an attachment against his vendor, on the ground that the affidavit and the writ of attachment were void, because the affidavit was made before, and the writ issued by, the said Hiram Creekmore, who was without authority.

The court dissolved the injunction and dismissed the bill, and complainant appeals.

*J. I. Ballinger*, for appellant.

Hiram Creekmore was not a *de facto* deputy clerk. He did not sign his name as such. He was not even eligible to hold the office. *Shelby* v. *Alcorn*, 36 Miss., 273. The real clerk was in actual possession of the office, and there could be no *de facto* clerk. 61 Miss., 398.

*Ro. II. Golladay*, on the same side.

1. A *de facto* officer is one who has the reputation of being the officer he assumes to be, and yet is not such in law. Mechem on Public Officers, section 317. He is one who acts as an officer under such circumstances of reputation or acquiescence as are calculated to induce people, without inquiry, to submit to or invoke his action, supposing him to be the officer. *State* v. *Carroll*, 38 Conn., 449, cited with approval in *Dubney* v. *Hudson*, 68 Miss., 292. There is no testimony that Young Creekmore spoke of himself as a deputy. In fact, he never assumed to be such. It is absurd to suppose that the public could have deemed this boy a deputy clerk.

2. In nearly every office there may be found some assistant to the officer, performing clerical work, but no one contends that such an assistant is clothed with all the power of the incumbent of the office.

3. Young Creekmore represented his father personally, and not the office. He could be, as anyone might, a personal deputy, and yet not be, or intend to be, an officer acting independently of, or even under circumstances contrary to, the orders of the principal, as a regular deputy might.

4. A false affidavit before young Creekmore would not subject the affiant to perjury. *United States* v. *Curtis*, 107 U. S., 671. The approval of the attachment bond was a judicial act. *Swan* v. *Gray*, 44 Miss., 393. A clerk cannot, *sua sponte*,

appoint a deputy. Code 1892, § 930. A construction of § 3065 which, on the facts here, would hold that the minor was a *de facto* deputy, would effectually abrogate § 930.

*A. T. Roane,* for appellee.

The question here involved is set at rest by *Mobley* v. *State,* 46 Miss., 501. The fact that the minor was ineligible to fill the office makes no difference. *Shelby* v. *Alcorn,* 36 Miss., 273; *Ray* v. *Murdock, Ib.,* 692; *Matthews* v. *Supervisors,* 53 *Ib.,* 715; *Vicksburg* v. *Lombard,* 51 *Ib.,* 111; 56 *Ib.,* 286.

COOPER, C. J., delivered the opinion of the court.

The fact that Hiram Creekmore was, at the time of the issuance of the writ of attachment, which is assailed in the cause, acting as deputy for his father, and was generally recognized by the public as the deputy clerk, is too clearly shown by the evidence to admit of controversy. That, by reason of his minority, he could not have been lawfully appointed as such deputy, is not material, for a *de facto* officer is one who is such in fact but not in law, and minority is not different from any other legal disqualification. Throop on Public Officers, ch. 27; 5 Am. & Eng. Enc. L., title *de facto* officers.

The failure of the deputy to sign his name as deputy to the writ, did not render it void. This was, at most, a mere irregularity, amendable under our statute. *Gamble* v. *Trahen,* 3 How. (Miss.), 32; Code 1892, § 3439; *Spratley* v. *Kitchens,* 55 Miss., 578.

*Affirmed.*