STATE v. BOYKIN.

[75 South. 378, Division A.]

1. INDICTMENT AND INFORMATION. *Signature of clerk. Signature of deputy.*

The mere fact that a person working in the circuit clerk's office as his assistant and performing the duties of the office of deputy clerk, signed the clerk's name to an indictment without affixing

her name as deputy did not invalidate the indictment if it was otherwise properly filed and endorsed.

2. CLERK OF COURTS. *Signature of deputy.*

Under Code 1906, section 1006, providing that deputy clerks shall have power to do and perform all the acts and duties which their principals may lawfully do, where a female person having acted for some time in the capacity of deputy clerk under the authority and direction of the clerk, and having acted as the clerk's deputy for a sufficient length of time to be generally recognized by the public as such, she was a *de facto* deputy clerk and her acts were as valid as those of the clerk and this is true even though she was not sworn, and was ineligible to appointment as deputy because of minority or other reasons.

3. SAME.

A *de facto* officer is one who is such in fact, but not in law, and whose acts are as effective as the acts of a *de jure* officer.

APPEAL from the circuit court of Smith county.
HON. W. H. HUGHES, Judge.

Roscoe Boykin was indicted, a demurrer to the indictment was sustained and the state appeals.

The facts are fully stated in the opinion of the court.

*Ross A. Collins,* Attorney-General, for the state.

This indictment is valid for it was signed by Miss Stringer who was acting as deputy clerk and was recognized as such by the public. She was a *de facto* deputy and her acts were valid notwithstanding section 1006 of the Code, had not been complied with in appointing her. 7 Cyc., par. b., page 247; *Wimberly* v. *Bowland,* 72 Miss. 241, 16 So. 905; *Mobley* v. *State,* 46 Miss. 501. In the case of *Wimberly* v. *Bowland, supra,* it was held:

"The fact that Hiram Creekmore was, at the time of the issuance of the writ of attachment which is assailed in the cause, acting as deputy for his father, and was generally recognized by the public as the deputy clerk, is too clearly shown by the evidence to admit of controversy. That, by reason of his minority, he could not have been lawfully appointed as such

deputy, is not material, for a *de facto* officer is one who is such in fact but not in law, and minority is not different from any other legal disqualification. Throop on Public Officers, ch. 27; 5 Am. & Eng. Ency. Law, title, *De Facto* Officers.

The failure of the deputy to sign his name as deputy to the writ, did not render it void. That is, at most, a mere irregularity, amendable under our statute. *Gamble* v. *Tranhem,* 3 How. (Miss.) 32; Code 1892, par. 3439; *Stratley* v. *Kitchens,* 55 Miss. 578.

*Martin & Currie* and *T. J. Wills,* for appellee.

The indorsement by the foreman and the marking, filing, dating, and signing by the clerk are as essential to the validity of an indictment as the concurrence and returning thereof by at least twelve of the jurors. In fact, section 1418 provides that the indorsement by the foreman, and the filing, dating, and signing by the clerk shall be legal evidence of the finding and presenting to the court of the indictment.

The instrument does not become an indictment until the legal evidence thereof is placed upon its face which establishes the instrument as an indictment. Unless this evidence appears on the face of the instrument, there is no indictment and no proof of its character can be introduced whatsoever. This court held in the case of *Stanford* v. *State,* 76 Miss. 257, that the filing of an indictment and dating of it and signing by the circuit clerk is the exclusive evidence of its finding and presentment by the Grand Jury. See also: *Smith* v. *State,* 58 Miss. 867; *Cooper* v. *State,* 59 Miss. 267; *Holland* v. *State,* 60 Miss. 937; *Lea* v. *State,* 64 Miss. 294.

In the case of *Washington* v. *State,* 78 Miss. 189, the clerk was permitted to mark the indictment, ''filed'' after counsel for defendant had made his closing argument. This court in affirming the action of the

lower court held that the clerk was performing his duty during the term of the court in which the performance was required, and there was no error in so doing. The court, however, approved the *Standford Case supra,* which held that the clerk could not mark the indictment "filed," at a subsequent term. We take it that the two cases when considered together, hold that the clerk may mark an indictment "filed," date it and sign his name thereon in the presence of the court at any time during the term at which the indictment is presented by the grand jury, but it cannot be so filed and signed after the adjournment of the court at which the grand jury made the presentment. The Washington case does not hold that the defendant can waive a defect that would invalidate the indictment, but only holds that he can waive an objection to the delay, of completing the indictment, during the term of court at which it is returned.

Section 1601 of the Code of 1906, provides that in all cases where the signature of any person is required by law, it shall always be the proper handwriting of such person, or, in the case that he be unable to write, his proper mark. Section 1006 of the Code of 1906, provides how deputy clerks may be appointed, and when so appointed and sworn, empowers them to do all things which their principles may lawfully do. The deputy in acting as such signs the name of the clerk and his own name as deputy. It is the signing of the name of the deputy as deputy that gives validity to the act, under the authority of section 1006, and his name in his proper handwriting.

Most of the duties of the clerk are ministerial, and a strict compliance with the law in the performance of acts purely ministerial is not required. The acts are the performance of duties imposed upon the clerk with respect, in civil cases to the conduct of the litigations between contending parties, and in criminal cases be-

tween the state and the defendant. In the case of the
filing, dating, and signing of an indictment by the
clerk, he is not acting as a ministerial officer between
the state and defendant, but is acting for the state, and
as the state against the defendant. His act instead of
being ministerial, is executive, and the law giving him
authority to act for the state must be strictly complied
with. To show that this is true, the Constitution, both
Federal and state has hedged the sovereign power of
the state with conditions to be performed, precedent to
the punishment of any citizen. The legislature, acting
for the state, had defined how these acts may be exer-
cised. It designates by what officials the state may be
represented, and how the executive functions may be
performed. If the will and caprice of an officer, acting
in the capacity of an executive, can overturn the ex-
press mandates of the law, that official becomes a tyrant.
The technicalities of the law grew up as a bulwark be-
tween the caprice of tyrants and the liberties of the
people. Many of these techicalities have been discarded
in this country where the possibilities of tyranny are
so remote. A judicial recognition of an executive act
which overthrows the mandate of the law on the ground
that it is technical is one step on the return path that
leads back to tyranny and despotism.

The law requires the indictment to be signed by the
clerk. If this plain mandate of the law is to be over-
ridden by judicial interpretations, then the law re-
quiring an indictment to be concurred in by twelve
grand jurors can as easily be over-ridden, and the
concurrence of six grand jurors made sufficient to re-
turn an indictment upon which a citizen could be tried
and punished.

The defect was jurisdictional. It being jurisdictional
and the indictment void, the defendant could not waive
the defect. *Newcomb* v. *State,* 37 Miss. 383.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Smith county sustaining a demurrer to an indictment upon the grounds:

"First, that the said instrument purporting to be an indictment was not filed by the clerk of the circuit court of Smith county, Miss., nor any deputy authorized to act as such; second, because said purported indictment was marked 'filed' and the name of J. M. Bryant, circuit clerk, indorsed thereon by some other person than the said J. M. Bryant or his sworn deputy, and is therefore illegal and void."

The appellee, Roscoe Boykin, pleaded "not guilty" to the indictment at a former term of court, and a trial was had upon this issue joined, and, the jury being unable to agree upon a verdict, a mistrial was entered. At the next term of court, Boykin, through his attorneys, moved the court to quash the indictment for the reasons given above, which motion was sustained by the lower court.

We deem it unnecessary to pass upon the question as to whether or not the defendant in the lower court could properly interpose a motion to quash the alleged defective indictment, after he had pleaded "not guilty," joined issue with the state, and proceeded to trial at the prior term of court; but, assuming that the appellee still had the right to file the motion to quash after pleading to the indictment and having had one trial, with the result of a mistrial, we think that the lower court erred in sustaining the motion to quash the indictment.

The testimony taken on the hearing in the lower court discloses that the indictment when returned into court by the grand jury was marked "filed" and the name of J. M. Bryant, the circuit clerk, was indorsed thereon by a Miss Hester Stringer, a young lady who was working in the clerk's office as his assistant and

performing the duties of the office of deputy clerk. She had not taken the oath as deputy clerk as required by statute, but she had been for some time performing the duties of the office, by the authority and under the direction of the circuit clerk, and was so acting at the time she signed the clerk's name to the indictment here in question. The fact that she signed the clerk's name to the indictment without affixing her name as deputy did not invalidate the indictment, if it was otherwise properly filed and indorsed.

Section 1006 of the Code of 1906 provides, in substance, that deputy clerks shall have power to do and perform all the acts and duties which their principals may lawfully do. Miss Stringer having acted for some time in the capacity of deputy clerk, under the authority and direction of the clerk, and having acted as the clerk's deputy for a sufficient length of time to be generally recognized by the public as such, she was a *de facto* deputy clerk, and her acts were as valid as those of the clerk. This is true even though she may have been ineligible to appointment as deputy because of minority or other reasons, as a *de facto* officer is one who is such in fact, but not in law, and whose acts are as effective as the acts of a *de jure* officer. *Wimberly* v. *Boland,* 72 Miss. 241, 16 So. 905.

The judgment of the lower court in sustaining the motion to quash the indictment is reversed, and the case remanded.

*Reversed and remanded.*