SHELBY *v.* BURNS.*

(Division A. March 11, 1929.)

[121 So. 113. No. 27435.]

*Corpus Juris-Cyc References:  Parliamentary Law, 46CJ, section 10, p. 1379, n. 76;  Taxation, 37Cyc, p. 1061, n. 66; p. 1356, n. 93.

*J. C. Walker* and *Watkins, Watkins & Eager,* for appellant.

*P. R. Haydon,* for appellee.

SMITH, C. J. This is an appeal from a decree confirming the appellee's tax title to land claimed by him under a sale for taxes. A former appeal herein is reported in 148 Miss. 206, 114 So. 349. The case was tried on bill, answer, and proof. The appellee, in support of his case, introduced in evidence a list of lands sold for taxes to the city of Gulfport and connected himself therewith by deed from that city. Attached to this list of lands sold to the city for taxes is a certificate, reading as follows:

"I, N. D. Goodwin, tax collector of the city of Gulfport, Mississippi, hereby certify that the preceding pages 45 to 60, inclusive, is a true and correct list of the property sold by me to the city of Gulfport, for the taxes due thereon for the fiscal year 1912.

"Signed this the 10th day of April, 1913."

The tax collector failed to attach his signature thereto, but this fact is immaterial, as his name appears in the body of the certificate. *Gibbs* v. *Dortch,* 62 Miss. 671. The certificate was not written by the tax collector, but was written at his direction by another, who testified that he was the tax collector's deputy. Whether the law provides for a deputy city tax collector or not, as to which we express no opinion, the certificate is valid, for the reason that a ministerial act of this character, performed by another with the consent and approbation of the officer charged with the duty of performing it, is valid. *Gamble* v. *Trahen,* 3 How. 32; *Jackson* v. *State,* 55 Miss. 530; *Gibbs* v. *Dortch,* 62 Miss. 671; *Wimberly* v. *Boland,* 72 Miss. 241; 16 So. 905.

The only assessment roll in the office of the city tax collector is in the handwriting of the then city clerk and tax collector, but it contains no certificate or identification by him. It is styled "Assessment of Real Property, 1912, for City of Gulfport," and was the roll used by the tax collector for the collection of taxes when the land here in question was sold for the nonpayment of the taxes due thereon. Section 3421, Code of 1906 (chapter 118, Laws of 1914; section 7004, Hemingway's 1927 Code), requires the assessment of municipal property to be made by the clerk or city tax collector "by copying, from the county assessment rolls, that portion thereof which embraces property or persons within the corporate limits. The copy may be made at any time after the assessment rolls are approved, and all changes in the county assessment thereafter made shall likewise be made in the copy; said copy shall be placed in the hands of the municipal tax collector, and be his warrant for the collection of municipal taxes." Neither that statute nor any other that has been called to our attention requires the clerk or tax collector to certify to the roll, or to identify it in any other way.

Leaving out of view section 1983, Code of 1906 (Hemingway's 1927 Code, section 1715), and section 3427, Code of 1906 (Hemingway's 1927 Code, section 7011), under which the certified list of lands sold to the city for taxes due thereon is "*prima-facie* evidence that the assessment and sale of the land were legal and valid," we are of the opinion that the assessment roll was sufficiently identified.

On October 21, 1912, the board of aldermen of the city of Gulfport convened for the purpose of equalizing assessments, and the minutes recite an adjournment to the following day without the assessment roll being approved. The same fact occurred on the day following. On October 23d the minutes recite the absence of a quorum and an adjournment until the next day. On October

24th a quorum appeared, but the meeting was adjourned to the next day, without the roll being approved. On the 25th the minutes recite the absence of a quorum, and an adjournment until the next day. The minutes contain the same recital for several days thereafter. On the 30th a quorum appeared, and the roll was approved.

The appellant's contention here is that, when a quorum failed to appear, the session of the board of aldermen necessarily came to a close, for the reason that less than a quorum thereof was without power to adjourn to a later day. Assuming, but not deciding, as no statute seems to specifically provide therefor, that it was necessary for the board of aldermen to approve the assessment roll, the approval here was valid, for the reason that, while less than a quorum of a deliberative assembly is without power to transact business, less than a quorum thereof may adjourn, or take a recess, to a later time. It is true that no statute here so provides, but such is the general parliamentary rule. Roberts Rules of Order, Revised, for Deliberative Assemblies, section 64; 43 C. J., section 757, p. 498.

*Affirmed.*