## B. L. BROWN v. L. W. CARRAWAY.

1. SUPREME COURT—JURISDICTION.—The jurisdiction of the supreme court is exclusively revisory and appellate, with incidental cognizance of a *quasi* original character, such as is necessary to preserve its dignity and decorum, and give complete operation to its appellate power.

2. NEW TRIALS IN CIRCUIT COURT.—The granting of a new trial, though subject to exception and assignable for error, can not be reviewed by this court until final disposition of the whole cause; when, on appeal or writ of error, the improper granting or refusal of a new trial will be considered and reviewed.

3. SAME—AT COMMON LAW.—The granting of a new trial was, at common law, entirely discretionary, and error, therefore, was not predicable of the manner in which that discretion was exercised.

ERROR to the circuit court of Hinds county, 2d district. BROWN, J.

The opinion contains a sufficient statement of the case.

*T. J. & F. A. R. Wharton,* for plaintiff in error,

Contended, that this court must reverse the judgment and pronounce such judgment on the verdict as should have been done in the court below, citing Code of 1871, §§ 431, 648 ; Adams v. Guice, 30 Miss. 397, 408. Counsel discussed at length other questions which are not decided by the court.

*John Shelton,* for defendant in error,

Insisted that a writ of error will not lie to the judgment of the circuit court granting a new trial, and that this case is prematurely brought here and should be dismissed.

Simrall, J.:

This writ of error. is presented by B. L. Brown, to revise the judgment of the circuit court, setting aside a verdict in his favor and granting to the plaintiff a new trial. The case in the circuit court was an appeal from the justice of the peace, taken by Brown, to a judgment rendered in favor of Carraway, plaintiff in that court, for $83.

Upon the trial *de novo* in the circuit court, there was a verdict for Brown. Upon Carraway's motion the verdict was set aside and a new trial awarded. Brown excepted, embraced ·the testimony in a bill of exceptions, and has brought the case here.

We think that the writ of error has been prematurely sued ·out, and that we have no jurisdiction to revise the decision of the inferior court, assigned as error. Article 409 of the Code of 1871 limits the appellate power of this court, in the general, to a review of "final judgments," "except in cases particularly provided for by law." The ·cases which are thus provided for are cer-

tain interlocutory decrees of the chancery court, such as " demurrers to bills," orders for " change of possession of property," or " payment of money."  In a recently-decided case (Planters' Ins. Co. v. Cramer, Hume & Co.), in considering the extent of the jurisdiction of this court, we held that the constitution meant to confer upon it exclusively revisory and appellate jurisdiction, with such incidental cognizance, of a *quasi* original character, as was necessary to preserve its dignity and decorum, and to give full and complete operation and effect to its appellate power.  The mode of its exercise, and the class of cases that might be brought before it for adjudication, are defined in the statutes.

The granting of a new trial is not a " final judgment." Although it may be the subject of an exception upon which error may be predicated, nevertheless it cannot be reviewed in this court until a final disposition of the cause has been made in the circuit court.  At common law, the granting or refusing a new trial was in the discretion of the court of original jurisdiction, and was not the subject of error.  So it was in this state, until the act of 16th December, 1830, which allowed an exception to the decision on the motion to either party, and the reasons for the motion and the substance of the evidence to be reduced to writing and signed by the judge, and made part of the record.  On the trial of the cause, " on appeal or writ of error," the improper granting or refusing the new trial could be assigned for error.  Hutch. Code, 885, 886.  This statute was continued in the revision of 1857, p. 505, art. 166, in almost the identical words of the original enactment.  The codifiers of 1871 literally copied and adopted the 166th article of the revision of 1857 (see sec. 648, Code of 1871), so that the judicial interpretation put on the original law is applicable to the last statute.  Counsel for plaintiff in error is mistaken, when he supposes that the last code introduces a new law on the subject.  The

appeal or writ of error must be from the disposition of the cause on the final trial. Wood v. Insurance Company, 7 How. (Miss.) 634; Door v. Watson, 28 Miss. 395. The statute defining the jurisdiction of this court is very much the same as the one organizing the high court of errors and appeals. In both statutes is the provision: "Before final judgment," the appeal or writ of error cannot be taken, "except in cases specially provided for by law." In Bank of Lexington v. Taylor, 2 S. & M. 28, it was contended that the act of 1830, allowing either party to except to the decision on the motion for new trial, and assign it for error, so far repealed the general statute as to give an immediate and direct appeal or writ of error from that decision. But the court held that the review could only take place after a final decision on a second trial. Such, also, is the case of Terry v. Robbins, 5 S. & M. 293.

The statute has this effect, and no other—to make the decision of the circuit court, on the motion for a new trial, the subject of error and review, instead of a matter of discretion, as at common law, of which error could not be assigned.

The writ of error is premature, wherefore it is dismissed.