## J. R. Boyd *v.* W. F. Hawkins.

1. Supreme Court. *Practice. Lost record. Substitution.*
   An appeal will not be docketed and dismissed on motion if the original record of the lower court is lost, but it will be docketed and continued, allowing reasonable time for the appellant to obtain a substitute for the lost record, and bring up the transcript.

2. Same. *Motion to docket and dismiss. Laches.*
   Ordinarily a motion to docket and dismiss will be sustained, where no transcript is filed, or showing for the failure made, until long after the return-day, but not if the record is lost, and, as no term of the lower court has intervened since the appeal, it could not be substituted.

A MOTION, filed February 4, 1882, by the appellee, to docket and dismiss this appeal, which was returnable the first Monday in January, 1882, upon the ground that no transcript of the record was filed, was met by a motion on the part of the appellant for a rule on the clerk of the Chancery Court of Choctaw County to send up the transcript, or show cause why he should not, and an affidavit of the appellant was filed, from which it appeared that the original record was lost, and the appellant, whose case was meritorious and proper to be appealed, and who had been endeavoring to supply the record by agreement, needed further time in which to substitute the lost papers under an order of the Chancery Court, which held no term after that at which the decree was made, and the appeal taken, until April, 1882, at which time he hoped to supply the loss.

*L. Brame,* for the appellant.

The record was lost without the appellant's fault, and, since he knew of it, he has not had opportunity to apply for a substitution. There is merit in the appeal. Rules of practice are designed to advance justice, not to obstruct its exercise. More favor should be accorded the person applying to be heard than the one who opposes a hearing ; for the determination of the question does not settle the merits of the controversy, but merely insures a full presentation of the case if the hearing is granted.

*J. B. H. Hemingway*, for the appellee.

Under the second rule of this court, and the decision in the case of *Childs* v. *Rowell*, 58 Miss. 512, the motion to docket and dismiss should be sustained. If the appellant's affidavit is true, it affords no excuse. For a month after the return-day, no transcript, abstract, assignment of errors, or brief was filed, and no showing made for their absence. Counsel does not give a reason why these omissions happened. If the rules are to be enforced in any case, this is a suitable opportunity.

CHALMERS, C. J., delivered the opinion of the court.

The appellant was negligent in not taking steps earlier to ascertain whether the transcript had been forwarded to this court, and, under ordinary circumstances, we would certainly sustain the motion to docket and dismiss the case. But it is difficult to see what the appellant could have done to expedite the hearing of the appeal in this court. If he had appeared here on the first day of our term, and informed us that he had taken and perfected an appeal in the lower court, but that after he had done so the record had been there lost, so that it was impossible for him to have a transcript made out for this court, we would probably have directed that the case be placed on our docket, and continued until such time that opportunity was afforded in the lower court to substitute papers, and to have a transcript of the substituted record made out and forwarded to us. This would inevitably have produced a delay as long as that which must now ensue, so that no action that the appellant could possibly have taken would have in the least expedited a hearing here. The object of our rules is to prevent all avoidable delays. But where owing to the peculiar circumstances of a case the delay must necessarily be the same, no matter what action the appellant takes, there can be no motive for enforcing the rules where an unjust result may possibly be produced. We will now, therefore, do all that we could have done if the matter had been more promptly brought to our attention. We direct our clerk to docket the case on the petition for appeal and bond now on file, and will continue the case until such time as will afford the appellant an opportunity in the lower court to substitute the lost papers. We

will sustain a motion to dismiss the appeal whenever it is shown hereafter that there has been unnecessary delay in doing this.

*Motion overruled.*