## J. R. MAYSON ET AL. *v.* E. G. BANKS. .

1. TAX SALE. *List. Certificate.*

   Selling land for taxes and striking it off to the State will not vest title; but the list, certified by the collector to be correct, provided by Code 1871, § 1698, as an economical substitute for the numerous deeds previously required, is essential in order to convey the land to the State.

2. Tax Sale.  *State's title.  Evidence.*

    A book in the chancery clerk's office, containing names of persons and descriptions of lands, under the caption "Lands sold for taxes, January 3, A. D. 1876," without signature, certificate, or authentication of any kind by the sheriff or other person, is insufficient to show title in the State.

Appeal from the Circuit Court of Madison County.

Hon. S. S. Calhoon, Judge.

After the plaintiff in ejectment proved that he was tenant by the curtesy and rested, the defendants introduced an auditor's deed, with the evidence stated in the opinion, in order to show a title to the land under a sale for taxes of his deceased wife ; when the court, sitting without a jury, found for the plaintiff, and the defendants appealed.

*F. B. Pratt*, for the appellants.

The book, or a certified copy of the same, was admissible in evidence. Acts 1876, p. 149, § 41 ; *Gamble* v. *Witty*, 55 Miss. 26 ; *Clymer* v. *Cameron*, 55 Miss. 593. Omission of the sheriff's certificate from the book did not render it inadmissible. The statute (Code 1871, § 1698) provides that the sheriff shall file with the clerk separate lists of the lands sold to the State, which list shall be certified under his hand to be correct, and said clerk shall record said lists. He is not required to record the certificate. The purpose is to preserve the list from loss. It will be presumed that the sheriff gave the clerk a certificate, or he would not have received and recorded the list. The record is sufficient evidence that he received the list from the proper source, with the required evidence that it was correct.

*T. S. Ward*, for the appellee.

The book which was offered in evidence from the chancery clerk's office may or may not have been a correct copy of the list furnished by the sheriff, but in either event the court properly adjudged it inadmissible. The Acts of 1876, p. 149, § 41, contain nothing to warrant the admission of a list without the certificate of the sheriff attached thereto. *Clymer* v. *Cameron*, 55 Miss. 593, and the other case cited by counsel, do not apply. No presumption of the sheriff's regularity of procedure in the

matter can be indulged. *Porter* v. *Whitney*, cited in Black-well on Tax Titles, 517.

*L. W. Magruder*, on the same side, argued orally.

CAMPBELL, J., delivered the opinion of the court.

Instead of deeds as numerous as the persons whose lands were sold for taxes, which had been required before, a list embracing all lands struck off to the State in each county, certified by the collector to be correct, was provided for by § 1698 of the Code of 1871. A sale of land for taxes and striking it off to the State, without any further act by the collector, would not vest title in the State. The list prescribed by the statute is the instrument by which title is to be vested in the State, as under the former law the deeds executed by the collector did. It is merely a simple and economical substitute for them, and is necessary to vest title in the State.

The evidence offered consisted of a book in the office of the clerk of the Chancery Court, containing names of persons and description of lands of divers persons, under the caption, "Lands sold for taxes, January 3, A. D. 1876," but, as stated by the bill of exceptions, there was "no signature or certificate or authentication of any sort by the sheriff or other person" in connection with this list, and this was the only evidence to show title in the State. It was not sufficient.

*Judgment affirmed.*