EDWARD D. PEIRCE *v.* ROBERT E. HALSELL.

[43 South., 83.]

1. CHANCERY PLEADINGS AND PRACTICE. *Tender. Partition.*

> A defendant in a partition suit, who by his answer claims a greater interest in partnership lands than the complainant, his copartner, concedes to be his, should not be denied his share as claimed because of his failure to pay into the court a balance due on his contribution to the joint purchase when by his answer and testimony he denies knowledge of the amount of such balance and alleges his readiness to pay the same when ascertained and previous offers by him so to do.

2. SUPREME COURT PRACTICE.

> The supreme court, having only appellate jurisdiction, will not decide what was expressly pretermitted in the court of original jurisdiction.

FROM the chancery court of Jones county.

HON. JAMES L. McCASKILL, Chancellor.

Halsell, appellee, was complainant in the court below; Peirce, appellant, was defendant there. From a decree in favor of complainant, defendant appealed to the supreme court.

The suit was for partition of land. The cause was heard on the merits and the court decreed a partition of the property save as to a segregated part which was ordered sold for division of the proceeds. The contention between the parties was in regard to their respective interests in the land. The opinion states the facts.

*Mayes & Longstreet,* for appellant.

The bill filed by Halsell, the appellee, alleged that Peirce, the appellant, owned only a two-sevenths interst in th property sought to be partitioned. Peirce's answer denied that his interest was limited to such a small proportion, and al-

leged that he was entitled to a full half interest therein, alleging further that he and Halsell had entered into a partnership for the purpose of purchasing the property from the various tenants in common who originally owned it, the plan being that Halsell was to purchase the property and subsequently he, appellant, was to pay one-half of the purchase price to Halsell. His answer further sets forth that after Halsell had thus acquired the property he refused to acquaint appellant with the various purchase prices paid by him, Halsell, for the various interests, and further refused to consider appellant as having any rights or claims other than the above mentioned two-sevenths undivided interest. Appellant's answer distinctly avers that he did not know what amount he was due to Halsell for his half of the purchase price, but whatever it was he was willing and had always been willing to pay the same, and had moreover offered repeatedly to do so. The evidence offered by appellant supported these averments of appellant's answer.

It will be seen from the decree of the lower court that the court's finding of facts was in favor of appellant. The decree practically states that there was a partnership; but it further alleged that, notwithstanding the partnership, Peirce was not entitled to his one-half interest in the land for the sole reason that he had not paid Halsell the money necessary to make up his half of the original purchase price. It is of this part of the decision that the appellant complains.

On the trial in the court below, the testimony of appellant as to a verbal agreement of partnership between him and appellee was objected to. The objection was on the ground that such an agreement could be proved only by writing. *Evans v. Green,* 23 Miss., 294.

Peirce, therefore, having a valid and binding contract, verbal though it was, of partnership with Halsell; and the title deeds, taken by Halsell in pursuance of that partnership agreement, having been taken in order to avoid the appearance of competition and consequent raising of the price asked for the

land, Halsell became merely a trustee of the legal title of five-sevenths interest in the land for the benefit of the partnership; just as Peirce was in like manner a trustee of two-sevenths interest therein for the benefit of the partnership by reason of the two-sevenths interest purchased in his name. The court should have decreed that the land should be divided equally between the parties, and that Peirce should pay to Halsell, with interest, one-half of whatever amount of money Halsell had paid out in the acquisition of such land, in excess of such amount as Peirce had paid out; and should have provided further that the money was due on account stated from Peirce to Halsell, and the same should have been made a lien on Peirce's divided interest in Halsell's favor.

There was no necessity for payment of money by Peirce into court. Yet the chancellor, while recognizing the truth and justice of Peirce's claim that there was a partnership, declared in effect that Peirce had practically forfeited a certain proportion of his interest in the land, with the profit thereto attaching, simply because he had not paid or tendered to Halsell the full proportion of the purchase money.

Another reason why there was no necessity for Peirce to tender or to pay any money into court is apparent when the appellee's bill of complaint is examined. Both in bill and testimony appellee repudiated utterly the proposition that Peirce had any right whatever in the property save a bare two-sevenths interest, or that Peirce owed him anything on account of purchase price of the land. Appellee denied that any agreement existed between him and appellant, or that anything whatever was due him by appellant save a small proportion of an expense account. Thus denying and thus repudiating any liability on the part of Peirce, how could appellee claim that Peirce had forfeited any right which Peirce might have in the land by not liquidating the liability so denied? It is obvious, considering the temper displayed by Halsell and considering further the scheme sought to be worked by him, that

it would have been useless for Peirce to tender him any money.

In conclusion we submit that the decree of the lower court was inconsistent. Reaching the conclusion that the chancellor did in holding that the partnership was formed and that the land was purchased by Halsell in pursuance of such partnership, it is impossible to avoid the conclusion that Halsell undertook to go back on that agreement, and that all that Halsell can equitably claim is, that whatever Peirce may owe him on the purchase price shall be made a charge and lien on Peirce's divided interest in the property.

*T. H. Oden,* and *R. E. Halsell,* for appellee.

If the transaction between appellant and appellee constituted a partnership, it was certainly a very one-sided one, for the proof indisputably shows that the appellee, Halsell, abstracted the title of the property, arranged for the securing of the deeds of about forty different heirs of the original owner covering their interests therein, closed up his office time and again in order to go into the country to make negotiations of purchase, took necessary steps to acquire the interests of three minor heirs, built a house for these minor heirs and the widow who lived upon the property, in order to secure their removal from the property, paid the taxes, did not owe Peirce, the appellant, anything throughout, as appellee paid out his own money for the different heirs' interests, and had all deeds made in his own name and promptly placed of record. No effort was made at any time by Peirce to acquire a half interest in the property. Not until the bill for partition was fixed and answer thereto was made by Peirce, did the appellee, Halsell, have any knowledge that Peirce was claiming a partnership arrangement with him. The allegations in the answer in regard to this alleged partnership in the land, its terms and conditions, are based upon merely alleged verbal, not written, agreements. If a partnership existed, it was not an equal partnership, as alleged by appellant's answer, but a very unequal partnership.

Neither the answer nor the proof shows that Peirce at any time before or after filing of this suit, made appellee a tender of the money representing his alleged net one-half of the purchase money of the land. He made no tender on the trial, although the deeds to Peirce, showing considerations paid to the different heirs by appellee, were all of record. Neither answer nor proof discloses that Peirce ever in any manner tried to ascertain from Halsell the amounts Halsell had thus paid out. Although Peirce had a two-sevenths interest in the lands by a purchase which he had made from certain heirs, he did not even pay any part of the taxes due on the whole land. Appellant's nearest approach to a tender is the allegation in his answer that he "offered" to pay to Halsell whatever might be the proper proportion of the purchase price of the whole land. But it is not stated, nor in any other manner shown, when, where, or how often, he "offered" to make such payment. The allegation of the answer is moreover distinctly denied by Halsell who in his testimony declared that Peirce had never at any time offered to him a cent. Halsell's testimony further shows that the financial condition of Peirce was such that he, Halsell, would not enter into any partnership relations of any kind with him.

As between partners community of profits is essential to the existence of a partnership. *Jones* v. *Howard,* 53 Miss., 707. The intentions of the parties, *if not inconsistent with the contract's terms,* will control. *Fairley* v. *Nash,* 70 Miss., 193, s.c., 12 South., 149. The evidence shows in this case that Halsell had no intention of forming a partnership with Peirce, and that such a thing was inconsistent with his ideas, inasmuch as he knew Peirce's financial status.

It will be noted that Peirce's claim that three-sevenths interest in the lands in controversy and held by Halsell in his own name is partnership land, rests entirely upon an alleged *verbal* agreement; and he further claims that the purposes for which the alleged partnership was formed have not yet been con-

summated, hence the lands are not now subject to partition. His answer alleges that by virtue of the purchases of the different interests in the land by Halsell, Halsell holds these interests, under an implied trust, as a trustee for himself and Peirce. Neither the law nor the facts will sustain such claims. In *Randal* v. *Yates,* 48 Miss., 685, this court said, "It is not essential to the existence of a partnership that it be in writing, but it may be proved otherwise. Yet when the testimony in favor of and against complainant seeking by his bill to establish a partnership, is so conflicting as to leave it a matter of doubt, and the lower court has decreed against him on the trial, the appellant court will not disturb the decree. In the case of *Evans* v. *Green,* 23 Miss., 294, cited by counsel for appellant, it is held that parties may verbally agree to buy land. No one denies this. But this very case holds that, "the contract sought to be enforced is denied by the answer, and the proof must be certain, and such as to leave no doubt that the contract was made creating the trust."

In conclusion we submit that as the chancellor considered fully all of the contentions set up by the pleadings, and after careful consideration of the conflicting evidence, decided as he did, the decree should be affirmed.

CALHOON, J., delivered the opinion of the court.

In a proceeding for partition, recognizing Peirce as the owner of a two-sevenths interest, Peirce, in his answer to Halsell's bill for the partition, set up that he was a full partner in the part in which he was not so recognized, averring that the understanding was he was to be such partner, for reasons given, though the title was to be put in Halsell's name. His answer also avers that he does not know the exact amount he owed Halsell for the purchase price, but that he stood ready and willing to pay it, and had offered to do so. In his testimony he repeats this. Halsell in his evidence denies the partnership and the offer. In the final decree the court below finds:

"That, although the allegations of E. D. Peirce as to the existence of a partnership between himself and complainant may be sustained by the weight of evidence, yet it also appears that Peirce failed to pay Halsell such part of the purchase money of said lands as he should have paid as an equal partner, and has failed to make and maintain legal tender of the same. Therefore he is not now entitled to a one-half interest." In a case like this payment of money into court is not necessary, and the decree went off on what we think an erroneous idea.

All that is left is whether there was a partnership, and this is not decided. As we are only a revisory court, we do not decide what was expressly pretermitted in the decision of the chancery court, and therefore, while we must reverse, we remand for full adjudication.

*Reversed and remanded.*