YAZOO & M. V. R. Co. *v.* M. LEVY & SONS.*

[106 So. 524.    No. 25135.]

(Division B.    Oct. 5, 1925.)

1. APPEAL AND ERROR.  *On showing by minutes of court that pleading
    and exhibits were filed and left out of record on appeal, certiorari
    will be granted to bring up such papers as part of record; it
    is incompetent to contradict minutes of court by evidence of
    clerk and attorneys or other officers of court.*

   Where the minutes of the court show that a pleading and named
    exhibit was filed in the court below, and such pleading and ex-
    hibit are left out of the record on appeal, *certiorari* will be
    granted to bring such papers up as a part of the record. In such
    case it is incompetent to contradict the minutes by evidence of
    the clerk and attorneys or other officers of the court.

2. APPEAL AND ERROR.  *Failure of stenographer to mark depositions,
    documents, and other evidence will not cause them to be stricken
    from record on appeal.*

   Where a record is certified by the clerk, containing depositions,
    documents, and other evidence as being offered in the trial be-

low, such papers will not be stricken from the record except on the proper showing that they were not actually introduced and used on the trial. The mere failure of the stenographer to mark such papers or depositions as exhibits will not cause them to be stricken from the record here.

*Headnotes 1. Appeal and Error, 4 C. J., Sections 2269, 2285 (Anno); 2. Appeal and Error, 4 C. J., Section 2267.

Appeal from circuit court of Leflore county.

Hon. S. F. Davis, Judge.

Action by M. Levy & Sons against the Yazoo & Mississippi Valley Railroad Company. From judgment for plaintiffs defendant appeals. Motion by appellees suggesting diminution of record, and praying for *certiorari* to have certain documents sent up from trial court, and motion to strike from record certain papers. Motion for *certiorari* granted as to certain documents, overruled as to one document, and motion to strike overruled.

See, also, 106 So. 525.

Etheridge, J., delivered the opinion of the court.

Two motions are filed in this case: One by the appellees suggesting a diminution of the record, and praying for *certiorari* to have sent up a replication to a special plea of the appellant, who was defendant, with a copy of an insurance policy and loan drafts attached thereto as exhibits. Second, is a motion to strike from the record certain papers: The deposition of Charles E. Levy; a bill of lading, plaintiff's Exhibit B; a bill of lading, Plaintiff's Exhibit C; a bill of lading, Plaintiff's Exhibit D; a claim addressed to the appellant, Plaintiff's Exhibit E; a letter from M. Levy & Sons addressed to the "Claim Agent, I. C. R. R. Co.," Plaintiff's Exhibit F; claim of loss and damage, Plaintiff's Exhibit G; claim of loss and damage, Plaintiff's Exhibit H; letter or certificate from Newburger, Rankin & Co., addressed to M. Levy & Sons, Plaintiff's Exhibit I; calculations as to the value of cot-

ton, Plaintiff's Exhibit K; and the deposition of J. B. Samuels, Plaintiff's Exhibit L.

The suggestion of diminution and motion for *certiorari* is resisted, and affidavits of the clerk and of the attorneys filed in answer to the motion. From the clerk's affidavit it appears that he did not see the exhibits to the replication to the special plea. However, the minutes of the court showed that the plea and the exhibits were filed in the case. The minutes of the court cannot be corrected in this manner, and for the purposes of this appeal are conclusive. It does not appear, however, that the deposition of Jonas H. Levy, taken and filed with the clerk, was ever introduced in evidence, and of course it is not a part of the record unless it was introduced in evidence by one of the parties on the trial.

The motion for *certiorari* will be granted as to the replication and the exhibits thereto, but overruled as to the deposition of Jonas H. Levy. The parts of the record which it is moved to be stricken appear to be parts of the record as certified by the clerk. It is contended, however, that these several matters were not identified as exhibits or marked by the stenographer on the trial of the cause in the court below, and that such marking is necessary to their being copied and certified by the clerk. There is no affidavit or contention that these several matters were not actually used as evidence in the trial below.

If these papers were actually used and introduced in evidence in the court below, they will be treated as part of the record here, as they have been certified by the clerk as part thereof, and there is no affidavit showing that they were not so used.

By chapter 145, Laws of 1920, it is provided:

"If notice as above is given to the stenographer by the appellant or his counsel within ten days after the conclusion of the terms of court, no stenographer's transcript of his notes shall be stricken from the record by the supreme court, for any reason, unless it be shown that such notes are incorrect in some material particular, and

then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this act."

We think it was the purpose and policy of the law not to strike out parts of the record which have been actually used in the trial for any default on the part of the stenographer, and before any parts are stricken out it is incumbent upon the party moving to strike to show that the parts were not used in the trial. In other words, after the notes reach here we will not strike them for mere technical defects not going to the jurisdiction.

The motion to strike will therefore be overruled.

*Overruled.*