WILKINSON v. LOVE, SUPERINTENDENT OF BANKS.

(Division A.    Feb. 21, 1927.)

[111 So. 457.    No. 26171.]

1. APPEAL AND ERROR. *Failure of record to disclose notice to stenographer to transcribe notes was filed held not to require striking transcript from record (Laws 1926, chapter 156, paragraph 1).*

Failure of record to disclose that notice to stenographer to transcribe notes required by Laws 1926, chapter 156, paragraph 1, was filed *held* not to require striking stenographer's transcript from record, where it is shown that notice was actually given stenographer within required time, and clerk's certificate indicates original notice was filed with him, since date of filing of notice of clerk was not material.

2. APPEAL AND ERROR. *Stenographer's transcript of notes does not become part of record, where appellant's attorneys failed to indorse certificate disclosing delivery to appellee's attorneys (Laws 1920, chapter 145, paragraph 1.)*

Stenographer's transcript of notes does not become a part of the record under Laws 1920, chapter 145, paragraph 1, where there is no certificate of appellant's attorneys indorsed on certificate to transcript disclosing a delivery or mailing to appellee's attorneys.

3. APPEAL AND ERROR. *If clerk fails to include stenographer's exhibits in record certified to Supreme Court he may do so thereafter (Hemingway's Code, paragraph 3143; Laws 1926, chapter 156; Laws 1920, chapter 145, paragraph 1, par. [d].)*

If clerk, in first instance, fails to copy exhibits from stenographer's transcript identified by stenographer in accordance with Code 1906, paragraph 4790 (Hemingway's Code 3143) and filed with him under Laws, 1926, chapter 156, for certification to Supreme Court under Laws 1920, chapter 145, paragraph 1, paragraph (d), he may certify copies thereafter in the same way in which he supplies any omitted portion of record.

4. APPEAL AND ERROR. *Copies of alleged exhibits cannot be made part of record by affidavits of stenographer and clerk filed with brief on motion to strike transcript.*

Copies of notes, alleged to have been introduced in evidence as exhibits to testimony of witness, cannot be made part of record on appeal by affidavits of stenographer and clerk, filed with brief on motion to strike stenographer's transcript from record, since, in absence of agreement by parties, evidence can be communicated to Supreme Court only by means of stenographer's transcript.

APPEAL from chancery court of Bolivar county.
HON. HARVEY McGEHEE, Chancellor.

Action between J. L. Wilkinson and J. S. Love, Superintendent of Banks. Judgment for the latter, and the former appeals. On motion to strike the stenographer's transcript from the record. Motion overruled and case passed for consideration on the merits.

*Shands, Elmore & Causey* and *Lucy Somerville,* for appellant.

*Clark, Roberts & Hallam,* for appellee.

SMITH, C. J.  The appellee has filed a motion to strike the stenographer's transcript of the evidence from the record for two reasons: (1) Notice was not given the stenographer to transcribe his notes of the evidence as required by section 1, chapter 156, Laws of 1926; (2) the transcript of the evidence is incomplete in several material particulars.

There appears in the record a copy of a written notice to the stenographer that a copy of his notes was desired, signed by the appellant's attorneys, to which is appended a statement that the notice was handed to the stenographer in person, on the 17th day of July, 1926, which we understand was within the time required.  It does not appear within the record that this notice was marked "filed" by the clerk.

1.  The certificate of the clerk that the record contains "a full, true, and correct copy and transcript of all the . . . papers filed in and about said cause" is sufficient to indicate that the original from which he copied the notice to the stenographer was filed with him.  And as the date of the filing of the notice with the clerk is not material, there is no merit in the contention that the record does not disclose that the notice was filed.

Coming now to the second proposition paragraph (d) of section 1, chapter 145, Laws of 1920, provides that:

"If notice as above is given to the stenographer by the appellant or his counsel within ten days after the conclusion of the terms of court, no stenographer's transcript of his notes shall be stricken from the record by the Supreme Court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this act."

The transcript does not appear to have been signed by the trial judge, nor to have been agreed on by the

parties, nor to have become a part of the record as pro-
vided by the statute. In order for the transcript to be-
come a part of the record, when not signed by the trial
judge or agreed on by the parties, the stenographer must.
notify the attorneys in the case that he has filed the
transcript, and in ten days thereafter the appellant must
deliver or mail the transcript to the appellee's attor-
ney, and indorse thereon the date on which the transcript
was so delivered or mailed. After the expiration of five
days from the delivery or mailing of the transcript, the
appellee's attorney must return it to the clerk of the
trial court. Paragraph (a) chapter 145, Laws of 1920,
as amended by chapter 156, Laws of 1926.

2. The stenographer's certificate to the transcript dis-
closes that he filed it within the required time, and noti-
fied the attorneys thereof, but no certificate of the ap-
pellant's attorneys is indorsed thereon disclosing that
they delivered or mailed it to the appellee's attorneys;
consequently the transcript did not become a part of the
record as provided by the statute, from which it follows
that, if it is incorrect in some material particular, we
must strike it from the record.

The alleged incorrectness of the stenographer's tran-
script consists (1) in the absence therefrom of certain
written instruments introduced in evidence as exhibits to
the testimony of witnesses; and (2) in the failure of the
transcript to identify the exhibits.

The duty imposed on the stenographer by chapter 156
of the Laws of 1926 is "to transcribe and file his notes,"
and to "file with the clerk the original and one carbon
copy of his notes so transcribed, together with all exhib-
its to the testimony." He is not required to transcribe
the exhibits, but only to file them with the clerk. Sec-
tion 4790, Code of 1906 (Hemingway's Code paragraph
3143) charges the stenographer with the duty of "iden-
tifying each . . . exhibit . . . by words or fig-
ures of description." *Richmond* v. *Enochs,* 109 Miss. 14,

67 So. 649. Any exhibit which the stenographer's transcript identifies and which he files with the clerk should be copied by the clerk and included in the record which he certifies to this court. Paragraph (d) chapter 145, Laws 1920. If he fails to do this in the first instance, he may certify copies thereof to this court thereafter in the same way in which he supplies any omitted portion of the record.

The description of the exhibits here was dictated to the stenographer by the attorney examining the witness, or was included in questions propounded to the witness, and it does not appear what description, if any, he indorsed on the exhibits. In this connection compare the case of *Richmond* v. *Enochs, supra,* with the case of *Yazoo & Mississippi Valley R. R. Co.* v. *M. Levy & Sons,* 141 Miss. 196, 106 So. 524, in which the documentary evidence the court declined to strike from the record consisted of two depositions, one by Charles H. Levy, and one by J. B. Samuels, and several written instruments. An examination of the record in that case discloses that the stenographer's transcript of the evidence notes the introduction of these depositions, describing each by the name of the deponent. On each of these depositions was an unsigned memorandum; that on Levy's being "Plaintiff's Exhibit A," and on Samuels' ",Plaintiff's Exhibit L." The written instruments sought to be stricken from the record were all referred to in Levy's deposition, and marked as exhibits thereto by the notary who took the deposition, and certified to as such by him.

The introduction of Levy's deposition in evidence carried with it the exhibits thereto, but plaintiff apparently out of abundance of caution offered each of them formally in evidence; the stenographer's transcript describing each of them by name, and most of them as exhibits to Levy's deposition. The ground of the objection to these depositions and other documents, as appears from the motion to strike them from the record, was that the ste-

nographer had not indorsed descriptive words thereon corresponding to the description thereof set forth in his transcript of the evidence.

Returning to the case at bar, and assuming for the present, but only for the purpose of the argument, that the description of the exhibits set forth in the stenographers transcript is insufficient for their identification, and that consequently they cannot now be made a part of the record, it will be impossible for us to determine the materiality thereof without doing practically the same work on the case that will have to be done in deciding it . on its merits; that is to say, it will be necessary for us to determine the issues involved and the relation of the exhibits to the other evidence introduced. Consequently we have decided not to try the case by piecemeal, but to overrule the motion for the present, and, when the case is heard on its merits, if it appears from the record that material portions of the evidence have been omitted therefrom, the motion will then be sustained, and the evidence will not be looked to in deciding the case.

4. Counsel for the appellant have filed with their brief on this motion affidavits by the stenographer who took down the evidence and by the clerk of the court below, to which are attached copies of two promissory notes which the affidavits allege were introduced in evidence as exhibits to the testimony of a witness. We understand counsel for the appellant to request that the copies of these notes be made a part of the record, and counsel for the appellee to object thereto.

The objection to these affidavits and the exhibts thereto must be sustained, for omissions from a record cannot be supplied in this way. In the absence of an agreement by the parties, the evidence in a case taken down by a stenographer can be communicated to this court only by means of the stenographer's transcript of the evidence, which must contain all of the oral, and identify the documentary evidence. This transcript of

the evidence must be made up in the manner provided by the statute, and neither the stenographer nor the clerk, nor both together can otherwise make the evidence a part of the record. Compare *Delta Bank* v. *Goff* (Miss.), 12 So. 699. The only exception to this rule is that provided by the statute when the stenographer fails under some circumstances set forth in the statute, to transcribe and file his transcript of the evidence.

If the clerk below has in his possession exhibits identified by the stenographer's transcript as having been introduced in evidence, he should have included them in the record, and, if he omitted so to do, he can still certify them to this court, and they will then become a part of the record.

Whether or not these exhibits are sufficiently identified by the references thereto in the stenographer's transcript is not now before us, and will be determined if and when they are certified to this court by the clerk below. As hereinbefore stated, the motion will be overruled for the present, but, in event it appears when the cause is taken up for consideration on its merits that material evidence has been omitted from the record, the motion will then be sustained.

Overruled and case passed to the third Monday of March next.

*Overruled.*