SHELBY v. BURNS.*

(In Banc.  Oct. 31, 1927.)

[114 So. 349.  No. 26411.]

TAXATION.  *In suit to confirm tax title, complainant must introduce tax sale list, signed by tax collector or his lawful deputy (Hemingway's Code 1927, section 7007 [Code 1906, section 3424]).*

In a suit to confirm the tax title, complainant must introduce tax sale list in evidence, and such list must be signed by the tax collector or his lawful deputy.

---

*Corpus Juris-Cyc. References: Taxation, 37Cyc, p. 1518, n. 59, 66.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by Frank Burns against F. P. Shelby to confirm a tax title.  From a judgment for the complainant, defendant appeals.  Reversed and remanded.

*Watkins, Watkins & Eager,* for appellant.

The appellee acquired only such title as the city of Gulfport acquired by virtue of the sale to it by the city tax collector upon April 7, 1913.  The chancellor properly refused to admit the introduction of the list of lands sold to the city of Gulfport in evidence because the same

was not authenticated or identified by anyone and, therefore, appellee failed to show any title to the property in the city of Gulfport.

There is no evidence in this record showing that this property was ever sold to the city of Gulfport for taxes legally assessed against it. Section 5987, Hemingway's Code (section 3427, Code of 1906); section 6965, Hemingway's Code (section 4331, Code of 1906); *Mayson* v. *Banks,* 59 Miss. 447; *Houston Bros.* v. *Lenhart,* 136 Miss. 841, 101 So. 289.

We therefore contend that the so-called list of lands sold for taxes, attempted to be introduced by appellee, was not admissible because the same was not the list contemplated by the statute and consequently there is no evidence in this record to show any title in the city of Gulfport. *Gregory* v. *Brogan,* 74 Miss. 694; *Patterson* v. *Kittridge,* 65 Miss. 33.

In *French* v. *Ladd,* 57 Miss. 679, the court held that a plaintiff suing on an auditor's deed was bound to produce a list of lands sold to the state together with his certificate.

In *Ferrill* v. *Dickerson,* 63 Miss. 210, the court held that a purchaser from the state in establishing his title must adduce in evidence the list of land certified as required and that the certificate of the chancery clerk stating the facts which should be shown by the collector's certificate was not tantamount to the collector's certificate. This case is controlling, and the burden was upon the appellee to show title to the property in the city of Gulfport and therefore has no title himself; and although the chancellor sustained an objection by the appellee to the admission of the so-called list of lands sold to the city into the evidence, still by rendering the decree confirming the title to the property in appellee, he must have admitted the list, and in so doing erred because said list of lands is not shown by the record to have been signed by the tax collector. It is not shown to have been certified to by the tax collector or any other

person as required by law; it is not authenticated or identified in any manner, and parol evidence to identify the same was not admissible.

*C. R. Haydon,* for appellee.

The appellant introduced in evidence the list of lands sold to the city of Gulfport on April 7, 1913, for the delinquent taxes of 1912 due said city, together with certificate thereof signed by N. D. Goodwin, city tax collector of the city of Gulfport, which was admitted into evidence without objection by the appellant. It is true that the stenographer for some reason has failed to include the list and certificate in the record, but her notes show the introduction of this record. The record further shows that the said certificate was dated April 10, 1913, and was in the handwriting of either the tax collector or his deputy.

The appellate court will indulge in every presumption in favor of the judgment of the trial court in the absence of clear error in the record. Therefore, this court must presume that said list of lands and the certificate thereto were in due form of law.

*Watkins, Watkins & Eager,* in reply, for appellant.

Appellee states that the list of lands sold to the city of Gulfport was in fact introduced in evidence on the trial below, and that the stenographer had inadvertently failed to get it into the record. Our point, however, is not that he failed to introduce the list of lands sold to the city of Gulfport, but that the list was void and conveyed no title to the city because it was not signed, identified and authenticated as required by law, and its introduction in evidence was objected for those reasons. All appellee was required to do to make out his case was to introduce this list and the deed from the city to him. He did introduce the list with the statement

that it had a certificate signed by N. D. Goodwin, city tax collector of Gulfport, and then sought to prove by Miss Cassibry that the same was written in the handwriting of the tax collector and proved just to the contrary; that it was written by a Mr. Jordan, a clerk, and that it was not authenticated in any manner. We objected to the introduction of the list for these reasons and the court sustained the objection in the following language: "Objection to that list in that book is sustained as it at present stands."

There is no further proof introduced and we contend that the court erred in overruling this objection by the decree presently rendered.

This court is bound by the record and if facts vital to a litigant's cause are omitted from the record, then there is nothing for the court to do but send the case back on a reversal so that a proper record may be made. And we beg to differ with appellee when he says that appellate courts will indulge in every presumption in favor of the judgment of the trial court in the absence of clear error in the record. This court in a case like the present, where appellant was required to show a legal sale by the tax collector to a municipality by showing a list of lands struck off to the municipality accompanied by a certificate of the collector, and the list is objected to because there is no certificate on the list by the tax collector, and the records show that there was grave doubt in the mind of the trial court as to whether the list ought to be admitted does not and will not presume that such list properly certified was in fact introduced. Section 5268, Hemingway's Code.

ETHRIDGE, J., delivered the opinion of the court.

This case was before Division B of the court and was reversed on two grounds; one, that the assessment roll was not sufficiently authenticated to be received in evidence, and the other, that the tax collector failed to sign

148 Miss.—14.

the list of lands struck off to the municipality and sold
by it to the appellee, Burns. On the coming in of the sug-
gestion of error, there was a division of opinion among
the judges as to some of the questions involved, and the
judgment formerly rendered was set aside and the cause
considered *de novo.* The court *en banc* reached the con-
clusion that the list shown in the record is insufficient
to vest title in a municipality; but, there being a dif-
ference of opinion among the judges as to the sufficiency
of the proof to establish the assessment roll, that ques-
tion will be pretermitted.

The appellee, Burns, filed a bill to confirm his title to
certain lands, in the city of Gulfport, described in the
bill, deraigning his title from the government of the Unit-
ted States down to the assessment of the property in the
city of Gulfport, and then alleged that the lands involved
in this suit were duly assessed for taxation by the tax
assessor of the city of Gulfport on the assessment roll of
said city for the year 1912, to F. P. Shelby, and that said
assessment roll was duly and legally filed by the said as-
sessor with the mayor and board of commissioners of
said city at the time and place and in the manner pro-
vided by law; and that the board did, at the time and
place and in the manner and form provided by law, duly
ratify, approve, and confirm said assessment roll, and
that thereafter the said mayor and board of commission-
ers did, at the time and place and in the manner provided
by law, duly and legally fix and levy the municipal tax
levy for the said city of Gulfport for the fiscal year 1912,
and that said assessment roll was duly and legally, at the
time and place and in the manner provided by law, filed
with the tax collector of the said city, for the purpose of
collecting the municipal taxes for the said year.

It was then alleged that no person had paid the munici-
pal taxes on said property duly levied and assessed as
aforesaid for the year 1912, and that said taxes being
due, delinquent, and unpaid, N. D. Goodwin, tax collector
of the city of Gulfport, did duly and legally proceed to

advertise the said property for sale in the manner and form and for the time prescribed by law; and did thereafter, on April 7, 1913, being the first Monday in said month, at the south door of the city hall in the city of Gulfport, Harrison county, Miss., being the place fixed by an ordinance of said city for such tax sales, offer said land and property for sale at public outcry to the highest and best bidder for cash, within the legal hours, for the municipal taxes due and delinquent thereon for the fiscal year 1912; and no other person bidding thereon, the same was struck off to the city of Gulfport, for the taxes and damages due thereon as provided by law, and the said city of Gulfport became and was declared the purchaser thereof; that the said N. D. Goodwin, tax collector, did duly and legally make and certify a list of lands sold to the city of Gulfport for the taxes due thereon and delinquent for the year 1912, which said list contained the property described in the bill, and which, it was alleged, was duly filed with the city clerk within ten days from the date of said tax sale and there remained on file for two years from the date of said tax sale, during which time said land and property was subject to redemption from said tax sale, but was never redeemed from the tax sale, and that by means of the premises the said city of Gulfport thereby acquired a good, legal, and valid title to said property.

The bill further alleged that pursuant to an ordinance of the city of Gulfport duly passed and adopted, providing for the sale of forfeited tax lands acquired by the city, for a valuable consideration the city of Gulfport, by its deed dated August 3, 1925, sold and conveyed said land and property to the complainant Burns, and one A. A. Washington, and that subsequently the said Washington deeded his interest to the complainant; and prayed for a confirmation of his tax title.

The defendant, Shelby, appellant herein, denied in his answer that the complainant, Burns, was the real and true owner of and in the actual possession of said land,

in Gulfport, described in the bill; and he further denied
that the said lands were duly assessed for taxation by
the tax assessor of the city of Gulfport on the assess-
ment rolls of said city for the year 1912. He admits that
he was the owner of said land in the year 1912, and still
claims to be the owner thereof, but emphatically denies
the land was assessed for taxes by the municipality for
the year 1912; denies that there was a legal assessment
and approval of the assessment roll by the mayor and
board of commissioners during that year; denies that
the mayor and board of commissioners did legally fix
and levy the municipal tax levy for the year 1912; denies
that the assessment roll for the year 1912 was duly and
legally, at the time and place and in the manner pro-
vided, filed with the tax collector of said city for the pur-
pose of collecting the municipal taxes for said year;
denies that there was any legal assessment roll for the
fiscal year of 1912 ever filed in the office of the city tax
collector; and denies that there was any legal assessment
of the real property in the city of Gulfport for the year
1912, and that any sale or pretended sale under said pur-
ported assessment roll for the year 1912, for the taxes for
the year 1912, was and is wholly and totally null and void.
The defendant, Shelby, admits that he paid no taxes
to the city of Gulfport on the said land for the year 1912,
but alleges that, in the absence of any legal assessment
of said property for that year, he was not required to
pay such taxes; that before taxes can be collected there
must be a legal assessment of the property; and he denies
that there was a legal assessment of the said property,
for the year 1912, by the city of Gulfport.

The defendant, Shelby, further denied that the tax
collector of the city of Gulfport did duly and legally pro-
ceed to advertise and sell the said property for the taxes
due thereon for the year 1912; denied that said lots were
legally sold on the first Monday, the 7th day of April,
1913, for the taxes due thereon for the year 1912; denied
that the said N. D. Goodwin, tax collector of the city of

Gulfport, did legally make and certify a list of lands sold to the city of Gulfport for the taxes due thereon and delinquent for the year 1912.

After setting up these denials, the defendant, Shelby, made his answer a cross-bill and alleged that the municipality of Gulfport was operating in 1912 under what is known as the Code chapter on Municipalities, and as such was so operated in the years 1912 and 1913. He further alleged that in the year 1912 and prior years thereto, the city of Gulfport made its assessment as provided by the Code chapter on Municipalities; that is, by copying the county assessment roll made by the county assessor and approved by the board of supervisors, and filing such copy with the municipal tax collector as a warrant for the collection of municipal taxes after such copy had been approved by the mayor and board of aldermen or commissioners of said municipality. He then alleged that there is a purported assessment roll of real property for the year 1912 on file in the city clerk's office of the city of Gulfport, porporting to contain a list of lands in the city of Gulfport, and that this roll, or pretended roll, is not marked "filed" in any manner; that it is not signed, certified to, or authenticated in any manner whatever by the city tax collector, the city clerk, or any other person; that there is nothing on it to identify it as an assessment roll for the year 1912 except the printed copy thereon; that it bears no signature or certificate whatsoever by any person; that it does not show by whom made or how; that it could have been copied from any copy of the county assessment roll of any prior year, or copied from a prior year city assessment roll; that it bears no authentication as to how when and in what manner made and by whom—so far as the roll itself indicates, it could have been made by any person whatsoever; that it contains nothing to show that it was made as provided by law, made by the person whose duty it was to make such roll; and respondent here stated and charged that the said assessment is in fact no legal, valid assessment of prop-

erty, and certainly not such an assessment as would permit the sale of property of the citizens in the municipality.

Respondent further stated and charged that the mayor and board of commissioners approved some assessment roll for the year 1912, but which one, by whom made, when made, or how made, there is nothing to so show; that the assessment on file in the city clerk's office purporting to be an assessment of real property for the year 1912 was merely a blank book with some printed matter thereon, but aside from this there was nothing thereon to indicate that it was an assessment of real property in the city of Gulfport for the year 1912; that such pretended roll was not signed, certified to, or authenticated in any manner, and respondent and cross-complainant stated the fact to be that such assessment was no such assessment as the law provided and contemplated; and that in truth and in fact it was not a legal and valid assessment of property, and any sale or pretended sale thereunder for taxes was wholly and totally void. Respondent, in his cross-bill, offered to pay any indebtedness that might be due for the year 1912, and prayed that the said tax title be canceled.

The complainant, Burns, introduced his title to the lands down to the assessment and sale and the striking off of the property to the city of Gulfport. He then offered to show the following:

"Counsel for complainant next introduces page 53 and the antecedent pages relating to tax sales made by the tax collector of said city on April 7, 1913, for the delinquent taxes of 1912 due said city, together with certificate thereof signed by N. D. Goodwin, city tax collector of the city of Gulfport, which said sale book shows the same receipt number as shown on the book marked 'Assessment Roll, 1912, of City of Gulfport.'

"Owner's name: F. P. Shelby.

"Description: Lots 15-16-17-18. Block 5.

"City taxes—
    156.

''Tax collector's fees:
Ten per cent damage.   One dollar for conveyance.   Twenty-five cent fee.
  ''Ten per cent damage
            16
  ''One dollar for conveyance.
                 1
  ''Twenty-five cent fee.
            1.00
  ''Clerk's fee, fifty cents.
         50.
  ''Printer's fee, twenty cents.
         80.
  ''Total tax and cost—
         5.02.
  ''Amount paid—
         5.02.
  ''Twenty-five per cent to purchaser—
         1.26
  ''Accrued taxes paid by purchaser—
         1.56.
  ''Five per cent to purchaser on accrued taxes—
         .08.
  ''Clerk's fee, twenty-five cents.
         40.
         25.
  ''Clerk's two per cent fee—
         17.
''Tax collector's two per cent fee—
         17.
  ''Total amount of redemption—
         8.91.
  ''Quitclaim lots 15 and 16, Blk. 5, to Frank Burns and A. A. Washington 8—3—1925.
  ''Quitclaim lots 17 and 18, Blk. 5, to E. Waldmier 8—31—25.
  ''By whom redeemed—
         Mrs. H. N. Fatheree 1/22/14.

"Counsel for complainant next introduces receipt No. — for the year 1912 on file in the office of the city clerk and tax collector of said city, showing that municipal taxes on lots 15 and 16 and block 5 of the East Side addition, city of Gulfport, assessed to F. P. Shelby, were not paid for said year.

"Original.

"Office of Tax Collector.            No. 3655.

     •   "Gulfport, Miss., April 8, 1913.

"Received of F. P. Shelby        $5.02.

     "Address

"City taxes for fiscal year 1912 as per following description of real estate and value personal property:

| Total Personalty and Realty | | $ | Rate | Mills |
|---|---|---|---|---|
| Dolls.   Cts. | Lots No. Blk. | | | Valuation. |
| Statement of Personal and realty tax | | | | |
| General | 15-16-17-18 | | 5 | 120 |
| Bond and Interest | | | | |
| Cemetery fund | | | | |
| Sinking fund | | | | |
| Total | East Side | | | |

                               "————,

              "Tax Collector, City of Gulfport."

Complainant also offered in evidence the quitclaim deed from the city of Gulfport, dated August 3, 1925, which was signed by the mayor and by the city clerk, with seal and acknowledged and recorded. He then, after proving the title to the land, introduced the city clerk, who was custodian of the city records relative to tax sales, and asked the following:

"Q. What is this book I hand you, marked 'List of Lands Sold to the City of Gulfport?' A. That is our sales to the city.

"Q. On page 53 of this book that you have identified I note list of lands sold to the city of Gulfport by N. D. Goodwin, tax collector, for the taxes due thereon for the fiscal year 1912, lots 15 and 16, block 5, assessed to F. P. Shelby. Following that is tax collector's fees and damages and total taxes. Is there where it shows the

number of the tax receipt under which this land was sold?
A. No; the tax receipt is not on there. This is the amount of the taxes.

"Q. Are you acquainted with Mr. N. D. Goodwin's handwriting? A. I have seen him write lots of times.

"Q. This order here, is that Mr. Goodwin's handwriting, dated the 10th of April, 1913? A. That is either Mr. Goodwin's or his deputy clerk. It looks like his handwriting.

"(Counsel for defendant objects to the introduction of that record because it is not identified or authenticated by any one.)

"By Witness: Mr. Jordan was Mr. Goodwin's clerk, and that looks like his handwriting.

"(Counsel for defendant would further object because the writing is not shown to be that of the city clerk.)

"Q. Have you the list of the tax sales for this year? A. I think so. They are all filed.

"(Objection to that list in that book is sustained, as it at present stands)."

There is nothing in the record to show that after this ruling excluding such evidence, there was any subsequent order admitting it in evidence; and the record before us contains no signature or certificate of the tax collector to any list of lands sold to the city of Gulfport on the first Monday of April, 1913, for the taxes due for 1912. It is asserted by one of the counsel that there was such a certificate to the said list of lands; but, by the other, if it existed, it was omitted in the making up of the record. The certificate of the clerk and the record certifies that:

It "contains a full, true, correct, and complete copy of all pleadings, orders, and evidence, being all of and the entire record in the state court of that certain cause in said court styled, '*Frank Burns, Complainant,* v. *F. P. Shelby et al., Defendants,*' and numbered 8848 on the General Docket, which includes the original appeal bond

and summons and the decree appealed from, as the same appear of record and remain on file in my office.''

Whenever the records certified to this court by a clerk are, in fact, incorrect, it devolves upon the attorney asserting such records to be incorrect to apply for a writ of *certiorari* to have the missing part of the record certified up, and if he fails to do so, the court must look to the record before it and decide according to the record. The record before us does not show a list of lands struck off to the city of Gulfport, signed by the city tax collector or certified to by him, and we think that it is necessary to so show. *Mayson* v. *Banks,* 59 Miss. 447; *Houston Bros.* v. *Lenhart,* 136 Miss. 841, 101 So. 289; *Gregory* v. *Brogan,* 74 Miss. 694, 21 So. 521; *Peterson* v. *Kittredge,* 65 Miss. 33, 3 So. 65, 5 So. 824.

By section 7007, Hemingway's 1927 Code (section 3424, Code 1906), it is provided that:

''The tax collector shall collect municipal taxes during the time and in the same manner and under the same penalties as the state and county taxes are collected. He shall, where not otherwise provided, in all particulars be governed by the general revenue laws of the state, so far as applicable, in making such collections; but he shall make the reports thereby required to the mayor and board of aldermen, and shall pay over the money collected to the municipal treasurer; and shall receive only such commissions or compensations as may be allowed by ordinance.''

The opinion heretofore rendered is set aside, and this opinion is given in lieu thereof. The judgment is reversed, and cause remanded for a new trial.

*Reversed and remanded.*