BROWN *v.* SUTTON.

(Division B. April 15, 1929.)

[121 So. 835. No. 27719.]

**Griffith, J.**, delivered the opinion of the court.

The assignment of errors and brief for appellant were filed in this case on January 16, 1929. On January 31, 1929, appellee presented a suggestion of diminution of

record, alleging that the appellate transcript shows that instruction No. 2, granted appellee on the form of the verdict, contains figures directing the total amount in which the verdict should be returned, the amount of the monthly installments, and the period of years, whereas, as alleged, the spaces in that instruction were blank spaces when given by the court and taken out by the jury. The case presents a situation somewhat like that in Gulf Coast Stevedoring Co. v. Gibbs, 124 Miss. 188, 86 So. 582, 763. The suggestion was accompanied by the affidavit of the trial judge that these figures were not in the instruction when given by the trial court, and there was a prayer in the petition made a part of the suggestion aforesaid, that, in effect, this court take steps to correct the record, it being proposed by appellee that, as one of the methods, we might act under section 4916, Code 1906 (section 3397, Hemingway's 1927 Code). The court overruled the motion and with what we supposed was a sufficiently full written opinion; it then appearing to us to need no extended statement that we have no power to correct the records of a trial court in so far as concerns the words and figures as they exist in that court. See 120 So. 820.

When the motion last mentioned was overruled, appellee filed her brief and undertook to treat the matter of the instruction aforesaid as harmless, whereupon we had the clerk give notice that, unless appellee should promptly institute and carry through proceedings in the trial court to have the proper corrections made in the record of the instruction in question, we would dispose of the case on the record as it now stands before this court. The present motion is to delay the disposition of the case here until the proceeding in the trial court aforesaid can be had.

The action taken by us in notifying appellee as aforesaid was unusual, perhaps without precedent, and, after the publication of this opinion, will probably not be repeated. It was taken because there have been lately sev-

eral cases here wherein requests in one form or another have been made of us to deal with the records of trial courts by way of amendment or reformation, as if they were our own records; and, in one case, the request went so far as to ask us to re-establish the original of what was alleged to be forgeries in the lower court records between the time of trial and the making of the transcript. These several cases have come from different parts of the state, thereby disclosing what we must now suppose is a more or less general misunderstanding of what is the power and province of this court in respect to the records of trial courts. Even the legislature appears to have been under misapprehension in these matters, as will be seen by reference to the recent case. State v. White (Miss.), 119 So. 807.

For these reasons we took the aforementioned action, and for the same reasons we will, as to this case, sustain this motion; and because, as we must now see, we have not heretofore written as fully upon the subject as we, perhaps, should have done, we avail of this occasion to deal with the matter more at length.

1. The jurisdiction of this court is fixed by section 146, Constitution, which reads: "The supreme court shall have such jurisdiction as properly belongs to a court of appeals." Under this section, the proper jurisdiction of this court is only " 'to review and revise the judicial action of an inferior tribunal,' . . . and such incidental jurisdiction 'of a quasi-original character as is necessary to preserve its dignity and decorum and to give full and complete operation . . . to its appellate powers.' " Robertson v. So. Bit. Co., 129 Miss. 456, 92 So. 580; State v. White (Miss.), 119 So. 807; Ill. Cent. R. Co. v. Dodd, 105 Miss. 23, 61 So. 743, 49 L. R. A. (N. S.) 565; Planters' Ins. Co. v. Cramer, 47 Miss. 200; Dismukes v. Stokes, 41 Miss. 430; Brown v. Carraway, 47 Miss. 668; Y. & M. V. R. R. Co. v. Wallace, 90 Miss. 609, 43 So. 469, 122 Am. St. Rep. 321; Peirce v. Halsell, 90 Miss. 171, 43 So. 83;

Planters' Bank v. Calvit, 11 Miss. (3 Smedes & M.) 143, 41 Am. Dec. 616.

2. Every court of record has general authority over its own records. The power of such a court to correct its records so as to make them speak the truth is inherent. The records of a court can be corrected or altered only by the court itself; and another court has no authority to make such corrections, even though it has appellate jurisdiction over the court whose records are sought to be corrected. 15 C. J., pp. 975, 976, and the cases there cited; 2 Encyc. Pl. & Pr., pp. 301, 302; 17 Encyc. Pl. & Pr., p. 907 et seq.; 22 Stand. Encyc. Proc., p. 491 et seq.; 7 R. C. L., pp. 1018-1020; 18 R. C. L., p. 166. See, also, Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345.

3. It follows that this court has no power to alter, amend or correct the records of trial courts in respect to the contents or recitals of those records. This is an original jurisdiction, not one that is appellate. It does not come within the principle that this court shall have such jurisdiction ''as is necessary to give full and complete operation to its appellate powers,'' for the reason that the trial court may, and must, when the facts require, amend or correct a record even after the cause has been transferred to this court on appeal. 17 Encyc. Pl. & Pr., p. 922; 2 Encyc. Pl. & Pr., pp. 301, 302; 12 C. J., p. 971; 2 R. C. L., p. 155; 22 Stand. Encyc. Proc., p. 497. See, also, Lupkin v. Russell, 108 Miss. 742, 67 So. 185. Except as provided by Rule 28 of this court, the original records do not come to this court, but remain in the trial court, and, even as to those that are sent here under Rule 28, they remain, nevertheless, a part of the trial court records. 2 Encyc. Pl. & Pr., p. 301.

4. It follows further that this court acts and must act only on the record as it is certified to us by the clerk of the trial court. The certified record filed for the purpose of appeal imports absolute verity, for it is, and must be,

so far as we are officially concerned, the sole evidence of the proceedings in the trial court. So long as it is a true transcript of what the record in the hands of the clerk in the trial court actually shows, it cannot be impeached in the appellate court; and it cannot be, by us, varied or altered or amended by an ex parte certificate of the trial judge or any unauthorized certificate of the clerk, nor by statements in the briefs of counsel, nor by affidavits or other evidence or matters dehors the record. 4 C. J., pp. 512-514; 2 Stand. Encyc. Proc., pp. 342, 343; 2 Encyc. Pl. & Pr., pp. 284, 296, et seq.; 2 R. C. L., pp. 152-154; Shelby v. Burns, 148 Miss. 217, 218, 114 So. 349; Yazoo & M. V. R. Co. v. M. Levy & Sons, 141 Miss. 196, 106 So. 525; Carrier Lumber & Mfg. Co. v. Boxley, 103 Miss. 489, 60 So. 645; Liles v. May, 105 Miss. 807, 63 So. 217; Denson v. Thigpen, 114 Miss. 62, 74 So. 787.

5. If the clerk has erroneously copied parts of the record, or has omitted parts thereof, he will, on request, make the proper corrections and transmit the same, duly certified, to the clerk of this court, and, when so done, if done in time, the said corrections of erroneous copying, or the additional transcript of omitted portions, will be accepted as, and made a supplement to, the authentic record; and this may be done by written agreement of the parties, if filed within time. If the clerk fails or refuses, he may be required to act and to act correctly by an order from this court under a petition here for a writ of certiorari. Rule 4, Supreme Court; Harris v. Planters' Bank, 4 Smedes & M. 701; Byrne v. Jeffries, 38 Miss. 533; Reynolds v. Wilkinson, 119 Miss. 590, 81 So. 278; Aluminum Utensil Co. v. Shivers, 149 Miss. 197, 115 So. 345; Shelby v. Burns, 148 Miss. 217, 218, 114 So. 349.

6. But neither the writ of certiorari nor any other writ will issue from this court to require the clerk to certify something here which does not actually exist on and in the records in his hands. When the point involves the amendment, correction, or alteration of the records so

as to make them or any part of them speak differently from what, in words and figures, they speak as they exist, application must be made to the trial court by way of petition, to which petition the parties to the suit, other than the petitioner, must be made respondents, and given an opportunity to be heard. And when the trial court has acted on the petition, the trial court clerk will then certify to this court the entire proceedings on and under that petition, and we will then, for the first time, have jurisdiction to pass upon whether the amendment, correction, or alteration should have been made, and, if found to have been lawfully made, or if refused to be made by the trial court, that it should have been made, the record, as thus corrected, will be considered here, together with the original transcript; otherwise the attempted corrections will be disregarded. 4 C. J., p. 499; 2 R. C. L., p. 155; 2 Encyc. Pl. & Pr., pp. 301, 302. See, also, Planters' Oil Mill v. Y. & M. V. R. Co., 150 Miss. 813, 117 So. 242.

7. It is the general rule of practice in appellate courts that the filing of the assignment of error constitutes an admission by appellant that the record is correct, and that thereafter appellant may not, of right, be heard to urge that the record is not correct, or that in any way it should be changed or amended. And, while this rule has not been strictly applied to the appellee who does not bring up the record, it does and should apply to both parties, in so far as matter of right is concerned, unless application is made prior to the submission of the cause, save in peculiar and exceptional cases. Diligence and the absence of inexcusable negligence must be shown; otherwise these applications could be made the means of unwarranted and harmful delay. 4 C. J., pp. 496, 497; 2 Stand. Encyc. Proc., p. 380; Patrick v. McKernon, 5 How. (6 Miss.) 578; Ross v. McIntyre, 53 Miss. 133; Union Motor Car Co. v. Cartledge, 133 Miss. 318, 97 So. 801,

8. When the required application is made to the trial court in due time and without inexcusable delay, to correct an error in the record, and a proper motion is made here supported by a sufficient showing of the facts, we will stay the hearing in this court until the trial court can act, provided the matter be pressed to a prompt conclusion before the trial court, the supplemental record so produced, duly certified is immediately forwarded to this court, and provided also the matter about which the correction is sought is one material to the result of the case in this court. See Boyd v. Hawkins, 59 Miss. 325; 2 Encyc. Pl. & Pr., 303; 4 C. J., p. 498.

Motion sustained.