## LUMBER MINERAL COMPANY v. MINERVA KING.

### [54 South. 250.]

MOTION TO STRIKE FROM THE RECORD THE STENOGRAPHER'S
TRANSCRIPT OF THE TESTIMONY.

SUPREME COURT PRACTICE. *Two stenographers in same case. Stenographer's transcript of testimony. Code 1906, § 797, amended Laws 1910, ch. 111, p. 93, § 797d. Motion to strike out.*

Where by the consent of the court only a part of the testimony in a cause was taken down by the stenographer regularly appointed for the district and the balance was taken by another, the latter was an official stenographer *pro hac vice*, within the meaning of the statute, and a motion to strike from the record the transcript of the evidence made by the latter will be overruled, in the absence of the showing required by Code 1906, § 797, as amended Laws 1910, ch. 111, p. 93, § 797d, providing that a stenographer's transcript of his notes of the testimony in a cause shall not be stricken from the record by the supreme court, unless it be shown that the same is incorrect in a material particular, and has neither been approved by the judge, nor agreed to by the parties, nor become a part of the record by operation of law.

FROM the circuit court of Covington county.

HON. W. H. HUGHES, Judge.

The Lumber Mineral Company, appellant, was plaintiff in the court below; Mrs. King, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court.

When the case reached the supreme court the appellee made the motion mentioned in the opinion of the court.

*E. L. Dent* and *Hirsh, Dent & Landan,* for the motion.

*Chalmers Alexander, contra.*

Argued orally by *R. L. Dent,* for the motion and by *Chalmers Alexander, contra.*

MAYES, C. J., delivered the opinion of the court.

It fully appears in this case that appellants notified in writing, within thirty days after the adjournment of court, Thrapp, one of the stenographers taking testimony in the above styled cause, that a copy of the notes was desired for purposes of appeal. But counsel making the motion contend that Thrapp was not the "official stenographer," and even though it appears that Thrapp was notified, still the statute was not complied with and the notes should be stricken out. This motion is accompanied by no showing that the "notes are incorrect in some material particular," as is required by section 797*d* of the Laws of 1910, p. 93. It clearly appears that Thrapp was the stenographer who took most of the testimony, though two stenographers were present and acted as official stenographer at different times during the trial of the case. The whole record seems to be before this court, and there is no complaint that all the testimony taken is not present. In view of the fact that no damage is occasioned appellee, so far as is shown by this motion, either of these stenographers was "the official stenographer" *pro hac vice* and this motion should be overruled. For all purposes of the law written notice was served on the official stenographer "within thirty days from adjournment of court," and when this is done "no transcript shall be stricken from the record by the supreme court, for any reasons, unless it be shown that such notes are incorrect in some material particular," and no such showing is here made.

See Laws 1910, p. 93, § 797*a; Evans v. Ham, ante,* p. 342, this term.    *Motion overruled.*