LUMBER MINERAL COMPANY *v.* MRS. MINERVA KING.

[54 South. 250.]

1. SUPREME COURT. *Stenographer's notes. Motion to strike out.* Code 1906, *section* 797d. *Laws* 1910, *page* 94.

When the evidence on the trial in the lower court was taken, a part by the official stenographer and the rest by another stenographer acting for him, each of the stenographers was the "official stenographer" *pro hac vice.*

2. SAME.

And in such case on a motion by appellee in the supreme court to strike out the stenographer's notes because the official stenographer was not notified in writing within thirty days after the conclusion of the term of court that a copy of his notes was desired, such motion will be overruled, where such notice was served on one of the stenographers, and there is no showing that such notes were incorrect in any "material particular" as required under Laws 1910, page 94.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Suit by Mineral Lumber Company against Mrs. Minerva King. Judgment for defendant and plaintiff appeals.

Motion to strike out stenographer's notes.

*E. L. Dent* and *Hirsh, Dent & Landau,* for motion.

*Chalmers Alexander, contra.*

MAYES, C. J., delivered the opinion of the court.

It fully appears in this case that appellant notified in writing, and within thirty days after the adjournment of court, M. O. Thrapp, one of the stenographers taking testimony in the above-styled cause, that a copy of the notes was desired for purposes of appeal. But counsel making the motion contend that Thrapp was not the "official stenographer," and, even though it appears that Thrapp was notified, still the statute was not complied with, and the notes should be stricken out. This motion is accompanied by no showing that the "notes are incorrect in some material particular," as is required by section 797d, Code 1906, as added by Laws 1910, p. 94. It clearly appears that Thrapp was the stenographer who took most of the testimony, though two stenographers were present and acted as official stenographers at different times during the trial of the case. The whole record seems to be in the case, and there is no complaint that all the testimony taken is not present.

In view of the fact that no damage is occasioned to appellee, so far as is shown by this motion, either of these stenographers was "the official stenographer" *pro hac vice,* and this motion should be overruled. For all purposes of the law written notice was served on the official stenographer "within thirty days from adjournment of court," and when this is done no transcript shall be stricken from the record by the supreme court, for any reasons, "unless it be shown that such notes are incorrect in some material particular," and no such showing is here made. See Laws 1910, p. 94, § 797d; *Evans* v. *Ham* (opinion this term), 54 South. 250.

*Motion overruled.*