BENJAMIN ET AL. *v.* VIRGINIA-CAROLINA CHEMICAL CO. OF DELAWARE.

[87 South. 895, No. 21748.]

1. APPEAL AND ERROR.  *Official stenographer's notes will be stricken on motion, where evidence but partially reported and omission not supplied.*

   On appeal to this court in a case where the evidence is but partially reported by the official stenographer, and no bill of exceptions is taken supplying the missing evidence, the stenographer's notes will be stricken on motion, as the court cannot review questions depending on the evidence for the correction of rulings of the court, where only a portion of the evidence is available.

2. APPEAL AND ERROR.  *Bill of exception embodying substance of evidence proper method of supplying omissions.*

   A bill of exceptions embodying the substance of the evidence, taken in the absence of a court stenographer, is a proper method of supplying such evidence on appeal.

APPEAL from circuit court of Lowndes county.

HON T. B. CARROLL, Judge.

Proceedings between J. H. and Frank Benjamin and the Virginia-Carolina Chemical Company of Delaware. Judgment for the latter and the former appeal.  On motion to strike stenographer's notes.  Motion sustained.

*Jno. F. Frierson,* for appellant.

*Sturdivant, Owen & Garnett,* for appellee.

No brief of counsel found in the record.

ETHRIDGE, J., delivered the opinion of the court.

This is a motion to strike the stenographer's notes from the record because said notes show on their face that they are incomplete and incorrect, because they do not set

out all of the cross-examination of Frank Benjamin; second, because the notes show on their face that at the trial of the attachment issue the court recessed at 5:30 o'clock until 6:45 o'clock on the 18th of November, 1919, and that the official stenographer was sick and unable to attend, and did not attend, the night session of the court on said night, and did not report the proceedings or testimony taken at said night session; third, because the cross-examination of Frank Benjamin was begun on the convening of the court for the night session and lasted approximately for three hours, and that such cross-examination at the night session was not made a part of record by the stenographer, who was unable to attend said session on account of sickness; fourth, because the notes show on their face that they were not complete, and no suggestion for correction or amendment was made within the time fixed by statute and the manner prescribed by law; fifth, because the appellees attached to the stenographer's notes a protest against their being made a part of the record unless the missing testimony of Frank Benjamin was supplied, and that a year or longer has elapsed since the taking of said testimony; sixth, because the stenographer's notes carry on their face evidence of incompleteness, and do not appear to have been approved by the trial judge or by agreement by counsel in the cause.

To this motion is appended affidavits showing that at the night session, November the 18th, no stenographer was present to officially report the evidence, and that evidence was taken from about 6:45 to about 10:30 o'clock, and that the cross-examination of Frank Benjamin was begun and continued approximately for the night session.

There was no bill of exceptions prepared and tendered to the trial judge during the term of court at which this hearing was had, to show what evidence was taken at the night session, and the notes show on their face that the stenographer was sick and did not attend the night session.

In answer to the motion to dismiss it is claimed that the evidence taken during the night session was not important and did not vary the evidence taken on direct examination in taking the testimony of Frank Benjamin, and that on the following morning the cross-examination was continued, and that the record shows that the examination was extensive and complete, and contains substantially the testimony taken in the absence of the stenographer. It is also contended that the session continued at night only for about one hour.

We are unable to say that the testimony taken in the absence of the stenographer was of no effect, or that it would not change the effect of the evidence of said witness as a whole. Under the practice of this state a witness is not limited on cross-examination by the matters developed in direct examination, but he becomes a witness for all purposes, and on cross-examination may be examined for matters pertinent to the issue, though such matters may be affirmative defense, or may be entirely new matter. This being true, we are not able to say from the record what evidence was taken.

It is proper practice, in case a stenographer cannot be had, during a trial, to preserve the evidence in a bill of exceptions approved by the judge during the term of court. The judge has power, in the absence of the regular stenographer, to appoint a stenographer *pro tempore,* but if this is not done, and the evidence must be looked to to determine the propriety of the court's rulings and judgments, the evidence must be supplied by special bill of exceptions, or by agreement of counsel.

Inasmuch as the evidence is incomplete, we could not look to the partial evidence before us to decide the propriety of the rulings and judgments of the court, and the motion must be sustained.

*Sustained.*