Planters' Oil Mill *v.* Yazoo & M. V. R. Co.*

(Division B.   May 21, 1928.)

[117 So. 242.   No. ———.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 257, n. 97; p. 433, n. 57, 58.

*S. L. Gwin, Means Johnston,* and *Simon Rosenthal,* for the motion.

*Gardner, Odom & Gardner,* opposed.

Argued orally by *Simon Rosenthal,* for the motion and *H. T. Odom, contra.*

ETHRIDGE, P. J. Appellant has filed a motion to have this court direct that the original books introduced in evidence in the trial of this case be certified to this court as original documents, setting forth in said motion that said exhibits consist of original railroad records, books of account, demurrage records, statements, forms, tariffs, yard check books, and ledgers, and that they are very voluminous, covering a period of three years, and containing several thousand pages; that it would be a physical impossibility for the stenographer to copy same, as well as unfair to appellant to embody the objections to said records in a bill of exceptions, and that the inspection and examination of said exhibits is necessary for a

proper determination of this cause. It is further alleged that the appellant gave notice to the stenographer to transcribe and file her notes in the manner required by law, but that appellant has not been, and is not now, able to secure an agreement with opposing counsel in regard to said records. Accompanying this motion was an affidavit by the stenographer, in which, among other things, she said that such exhibits as were legible and capable of being copied she had copied, but that certain of the exhibits were illegible and impossible to copy, and that she had written to counsel to enter into an agreement to send up the original of such exhibits.

It will be observed from the above statements that the exhibits were the records and papers introduced in evidence, and constituted a part of the record of the circuit court.

Rule 28, of this court, 104 Miss. 908, provides that, whenever it shall be necessary, in the opinion of the judge or chancellor, that original papers of any kind should be inspected in the supreme court, such judge or chancellor may make such rule or order for safe-keeping, transporting, and return of such original papers to him as may seem proper, and such papers will be considered in connection with the transcript.

Under rule 2 of this court, 104 Miss. 904, it is provided what the transcript shall contain, and that the "bills, answers, depositions, etc., shall immediately follow the particular plea or deposition first referring to them, and shall be copied but once," and that "the several answers of witnesses as made in depositions shall each follow consecutively the particular interrogatory to which they are responsive," etc.

The exhibits here involved constitute a part of the bill of exceptions provided for by sections 595 to 600, Hemingway's 1927 Code. In section 599, Hemingway's 1927 Code, Laws of 1920, c. 145, among other things, it is provided that:

"If the original or the copy of the stenographer's notes shall be lost or destroyed, or defaced in any manner, or if the stenographer should die, resign or be unable to transcribe his notes, and furnish a typewritten copy of his notes, sixty days additional time shall be allowed for the preparation of a bill of exceptions, or as the case may be, another copy of the transcribed notes. In case a copy of the transcribed notes cannot be furnished, a bill of exceptions may be prepared within the time hereinafter stated, just as in cases where no stenographer takes down the evidence," etc.

Section 3349, Hemingway's 1927 Code, section 4790, Code of 1906, provides that the stenographer shall take, under the control of the judge, stenographic notes of all the oral evidence and proceedings, except arguments of counsel, in each case, civil and criminal, tried thereupon upon an issue of facts, and of any other matter or in any other case that the judge may especially direct. He shall carefully note the order in which the evidence, both oral and written, is introduced and by whom introduced, giving name of each witness, and identifying each deposition, exhibit, map, or other item of evidence or matter of proceeding by words or figures of description, and shall carefully note all objections of counsel, rulings of the court, and exceptions of counsel, during the trial, in the order in which the same occur. And, upon demand of either party to the case, he shall, within twenty days from the conclusion of the trial thereof, or from the time of the demand, neatly write out in full hand, or typewriting, a complete copy of his stenographic notes taken therein, with a caption showing the style of the case, its number, the court in which tried, etc., and file same in office of clerk of court in which case was tried.

It will be observed from these sections and rules of this court above stated that the circuit judge, or chancellor, is authorized to order the original to be sent up to this court, when in their opinion, it is necessary to do

so. It will be seen that it is the duty of the stenographer to copy all exhibits, and to mark and preserve them, and insert them in the notes at the proper places as directed by the rule. These notes, after being so made up, under the statute, are turned over to counsel for examination and suggestions for their correction, counsel on both sides having a number of days in which to make such suggestions, and, if they do not agree on the correctness of the notes, either as originally transcribed, or as corrected by suggestions, then the notes are presented to the trial judge, who determines their correctness, and who makes such corrections as he finds to be necessary to present a real record of the case tried in his court.

In *Benjamin* v. *Virginia-Carolina Chemical Co., of Delaware*, 126 Miss. 57, 87 So. 895, it was held that, where a case was but partially reported by a stenographer, and no bill of exceptions was taken to supply the missing evidence, the stenographer's notes will be stricken out on motion, and that a bill of exceptions is the proper method of supplying missing evidence.

In *Lumber Mineral Co.* v., *King*, 98 Miss. 733, 54 So. 250, it was held that, where two stenographers took testimony, acting at different times, either of them was the official stenographer within the Laws of 1910, chapter 111, and that, where demand was served on either of them, the notes would not be stricken out unless shown to be incorrect, in some particular matters.

In *Brooks* v. *Gentry*, 106 Miss. 506, 64 So. 214, it was held that the supreme court has no jurisdiction to compel a stenographer of the trial court to transcribe and file his notes within a specified time, or in the alternative, to stand committed for contempt; the court having no control of stenographers employed in the trial courts, and not being charged with the duty to aid litigants in making up bills of exceptions.

Taking all these rules of court above set out, and decisions, together, we think it was peculiarly a case to be

submitted to the trial judge, and that if, in fact, the stenographer could not transcribe the exhibits, the judge could then determine what the contents of the exhibits were, either from his own vision and perception, or by taking appropriate proof, and is was his function to perfect the record so as to show the transactions and the evidence introduced. It is a little difficult to see why the exhibits should be sent here for this court to decipher, if they are in fact, illegible. The trial court had ample machinery and power to determine what took place in that court. It is certainly much better equipped to perform that function, even if this court had the power in any case to determine that question.

We pretermit the question as to whether, under any circumstances, this court would have the power to have the original exhibits sent up in order to perfect the record made in the court below; but, certainly, in our opinion, this is not a case of our exercising such power, even if we have it. No application was presented to the trial court, and the bill of exceptions is incomplete. It was the duty of the appellant, if he desired to perfect the record, to pursue the method pointed out by statute. The proper place was in the trial court, or before the trial judge.

The motion will therefore be overruled.

*Motion overruled.*