AUSTIN *v.* VON SEUTTER *et al.*

(Division A. January 1, 1934.)

[151 So. 563. No. 29659.]

**H. L. Austin**, of Jackson, for motion.

**Smith, C. J.,** delivered the opinion of the court.

This case was affirmed at the March, 1932, term of this court, 139 So. 174, and the costs on appeal were adjudged against the appellant. In due course the costs were taxed by the clerk, paid by the appellant, and distributed by the clerk. The appellant now complains that the costs allowed the clerk of the court below are excessive, asks for the retaxation thereof, and for an order directing the clerk of the court below to refund the alleged excess thereof. Proper notice was served, and the interested clerk has appeared.

The clerk below did not transcribe several voluminous exhibits to the testimony, but sent up the original exhibits in lieu thereof and included what would have been his costs for transcribing them in his bill therefor. The question is: Did he have the right so to do?

In support thereof, the clerk says, without denial, that after he had transcribed the entire record, including the exhibits here in question, he was advised by one of the attorneys for the appellees that the attorneys for the appellant and appellees had agreed that the original exhibits should be certified to this court in lieu of a transcript thereof, and, on being informed that a transcript thereof had been made, requested the clerk not to send up that transcript, but that he would be paid therefor. The clerk acceded to this request and acted accordingly.

According to the evidence for the appellant and movant, the attorneys agreed, while the case was being tried in the court below, that the originals of the exhibits introduced in evidence should be sent to this court in the

event the case should be appealed thereto, but no order to the effect was made by the trial court. After the record was filed in this court, an agreement of counsel to the above effect was filed with the clerk of this court.

Counsel for the appellees say that the motion should not be entertained for the reasons: (1) That such a motion cannot be made after the term of court at which the judgment awarding the costs is rendered; (2) or after the costs have been voluntarily paid; and (3) that the appellant has lost the right to make the motion because of his delay in so doing. None of the asserted reasons are valid.

The taxation of costs is a ministerial duty performed by the clerk which he may and sometimes cannot discharge until after the expiration of the term of court at which the judgment awarding the costs was rendered. Section 684, Code 1930, expressly provides for the retaxation of costs after they have been paid. The appellant's delay in making this motion has not been made to appear to have resulted in any prejudice to the appellees.

The fees allowed the clerks of trial courts for the transmission to this court of the record in cases appealed thereto are granted and limited by sections 1786 and 1788, Code 1930, under which their fees, based on the number of words, are fixed at fifteen cents per hundred words that appear in the copies of all papers and records sent up by them, from which it necessarily follows that the clerk of this court in taxing the costs on appeal can only allow the clerk who sent up the record fees based on the number of words therein which appear in the copy or copies made by him of the record in the court below.

Under section 55, Code 1930, the record in this court on appeals thereto consists of a "transcript of the record of the case," which transcript it is the duty of the clerk of the court from which the appeal comes to make up and deliver to the clerk of this court. The originals of papers introduced in evidence, or otherwise constituting a part of the record made in the trial court, may be sent to this

court only when the trial judge or chancellor makes an order therefor, under rule 28 of this court, when he is of the opinion that it is necessary or proper for such originals to be inspected in the supreme court and then returned to the trial court, or, on an order therefor made by the supreme court. Planters' Oil Mill v. Y. & M. V. R. R. Co., 150 Miss. 813, 117 So. 242. Mere agreements of counsel, such as were here made, are binding on neither the clerk of the trial court nor on this court. Such originals constitute the record of the trial court and should not be made a part of the permanent record in the supreme court.

Rule 2 of this court provides what shall compose the transcript of the record on appeal to this court; and rule 1 thereof requires a transcript to be in such form that the whole of it can be conveniently bound together or in separate volumes. The wisdom of this rule is here demonstrated, for one of its purposes is to prevent parts of the record from being lost; and just that has occurred here, for most of these exhibits have disappeared from the files of this court and seem now to be lost.

Under rule 3 of this court, counsel may agree, in writing, attested by the clerk of the court from which the case is appealed, what part of the record and proceedings of the trial court shall be transcribed and filed in this court, but that rule does not authorize them to make the original record or parts thereof of the trial court the record on appeal. The rules of this court may be found in 101 Miss. 903; 103 Miss. 903; 104 Miss. 903; and 161 Miss. 903.

The clerk of the court below was not required to act on the agreement of counsel here made, but, having acted thereon, there is no way under the statute by which he can be allowed the fees he would have earned by filing in this court the transcript of the exhibits. He unquestionably earned his fees for making the transcript, but we regret to say that we are unable to allow him to include them in his bill for costs.

The motion will be sustained and a judgment will be rendered retaxing the costs in accordance with the transcript filed and directing the clerk of the court below to pay the appellant and movant the amount paid by him in excess of that to which it appears from the transcript he is entitled.

So. ordered.